CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 22 2022

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Western District of Virginia |
|---|---|
| Name (under which you were convicted): Brian David Hill | Docket or Case No.: 7:22CV336 |
| Place of Confinement: Supervised Release under U.S. Probation Office; Federal sentence extended directly caused by State conviction of CR19000009-00 | Prisoner No.: |
| Petitioner (include the name under which you were convicted) Brian David Hill 310 Forest Street, Apartment 2 Martinsville, Virginia 24112 | v. | Respondent (authorized person having custody of petitioner) Commonwealth of Virginia 202 North Ninth Street Richmond, VA 23219 |
| The Attorney General of the State of: Virginia | |

**PETITION**

Respondent #2: Glen Andrew Hall, Esq.
P.O. Box 1311
Martinsville, Virginia 24114

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Circuit Court for the City of Martinsville

    55 West Church Street

    Martinsville, VA 24112

    (b) Criminal docket or case number (if you know): CR19000009-00

2.  (a) Date of the judgment of conviction (if you know): 11/18/2019

    (b) Date of sentencing: 11/15/2019

3.  Length of sentence: time served but supervised release was extended directly caused by State convictio

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Supervised Release Violation in the U.S. District Court for the Middle District of North Carolina as caused by the State charge and then conviction in the Circuit Court for the City of Martinsville in the Commonwealth of Virginia. The state conviction I am challenging to prove that I did not violate Federal Supervised Release conditions is: Circuit Court verdict of guilty, single count charge of (Sept. 21, 2018): violation of Martinsville City Ordinance 13-17, Virginia State Code 18.2-387; indecent exposure "intentionally make an obscene display of the accused's person or private parts in a public place..."

6.  (a) What was your plea? (Check one)

    ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty            ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N\A did not plead guilty but had to withdraw appeal but preserved the right in the Commonwealth of Virginia to demonstrate Actual Innocence to overturn the state conviction. After withdrawing appeal, the jury trial was cancelled, judge entered the judgment. Brian David Hill testified on December 21, 2018 at the General District Court. Brian Hill appealed the finding of guilty, Trial De Novo, to the Circuit Court for the City of Martinsville. No transcripts are available at the General District Court. Case completely transferred to Circuit Court.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No   General District Court Trial on Dec. 21, 2018.

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   Court of Appeals of Virginia

(b) Docket or case number (if you know):   1295-20-3

(c) Result:   Petition denied due to withdrawing appeal and attorney asserted Anders appeal

(d) Date of result (if you know):   09/02/2021

(e) Citation to the case (if you know):   Brian David Hill v. Commonwealth of Virginia, et al.

(f) Grounds raised:   That Brian David Hill entered what Attorney John Ira Jones, IV assumed was a guilty plea, that argument didn't really work because no guilty plea was ever entered.

A pro se supplemental Petition for Appeal was filed. Grounds raised was that:

"ignored all of Appellant's pro se motions while entertaining the Pro Se filed "Motion to Withdraw Appeal""

"deprived Appellant of Due Process of Law under the Fourteenth Amendment of the U.S. Constitution and deprived Appellant of Effective Assistance of counsel under the Sixth Amendment of the U.S. Constitution"

Other grounds. Too much information for this little paragraph.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Supreme Court of Virginia

(2) Docket or case number (if you know):   was not ever docketed due to not filing Petition

(3) Result:   Clerk never notified Appellant of requirement of filing Petition for Appeal after Notice of Appeal so appeal quietly not proceeded because of not being notified by Clerk.

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): 09/24/2021

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: Notice of Appeal filed, Clerk never notified the Appellant of the Supreme Court of Virginia requiring proof of indigency and Petition for Appeal with or without the record on appeal along with the Notice of Appeal. Appellant assumed the appeal was stalled not knowing the Clerk never docketed the case after Notice of Appeal.

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know): N\A

    (2) Result: N\A

    N\A

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): N\A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: Court of Appeals of Virginia

    (2) Docket or case number (if you know): 0173-22-3

    (3) Date of filing (if you know): 02/03/2022

    (4) Nature of the proceeding: Petition for Writ of Actual Innocence

    (5) Grounds raised: Actual Innocence, new Virginia law making previously inadmissible evidence as admissible further demonstrating with new evidence that Brian David Hill is innocent of his charge and wrongful conviction.

    Using new 2021 law § 19.2-271.6. Evidence of defendant's mental condition admissible; notice to Commonwealth.

    That is a Virginia law on evidence being admissible of autism spectrum disorder and any other mental condition. See Virginia Code § 19.2-271.6.

    New evidence of innocence. Commonwealth may have illegally destroyed evidence.

    Spoliation of evidence

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☑ No

    (7) Result: Dismissed due to lack of statutory jurisdiction for misdemeanor cases

(8) Date of result (if you know): 03/01/2022

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Circuit Court for the City of Martinsville

(2) Docket or case number (if you know): CL19000331-00

(3) Date of filing (if you know): 11/18/2019

(4) Nature of the proceeding: Petition for the Writ of Habeas Corpus

(5) Grounds raised: Actual Innocence - Legal Innocence

Due Process Deprivation, violation of Fourteenth Amendment;

Ineffective Assistance of Counsel, Violation of Fifth Amendment;

Prosecutorial Misconduct by violating State Bar Rule 3.8;

Guilty Plea invalid caused by ineffective counsel (later on found out no guilty plea was

entered on the record, judge stricken words of such, no guilty plea entered);

Not the same grounds as Petition for Writ of Actual Innocence except "actual innocence"

based on new evidence which became admissible in the year of 2021.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: Dismissed/Denied

(8) Date of result (if you know): 11/20/2019

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Motion for New Trial or Judgment of Acquittal based on new evidence

(2) Docket or case number (if you know): CR19000009-00

(3) Date of filing (if you know): 02/14/2022

(4) Nature of the proceeding: Motion for New Trial or Judgment of Acquittal

(5) Grounds raised: New evidence of Brian David Hill being innocent or not guilty of his state

conviction. Due to his psychosis, autism spectrum disorder, and Obsessive compulsive

disorder. Brian David Hill had new evidence of medical neglect by Martinsville City Jail

and Martinsville Police Department while in custody, medical neglect and evidence

destruction, as well as Commonwealth Attorney Glen Andrew Hall violating three Court

Orders regarding discovery materials. Evidence destruction.

Tried not to use the terms "actual innocence" because a motion prior to that one was

misconstrued as a Petition for the Writ of Actual Innocence and was denied under the claim

of not having jurisdiction. Two motions, one asking for acquittal and the other for new trial

based on new evidence. other motion was a Motion for Judgment of Acquittal.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: Denied, lack of jurisdiction, other was construed as Petition for Writ of Actual Innocence

(8) Date of result (if you know): 02/22/2022   Judg. Acquittal motion denied: 02/10/2022

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☑ Yes  ☐ No  Appeal pending, no guarantee appeal will succeed

(2) Second petition: ☑ Yes  ☐ No  failed in Supreme Court of Virginia

(3) Third petition:  ☑ Yes  ☐ No  Appeals pending, no guarantee appeal will succeed

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Only in the Direct Appeal was not appealed to the Supreme Court of Virginia because the Clerk of the SCV did not inform Appellant of the rules regarding appeal from the Court of Appeals of Virginia.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Actual Innocence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

All facts filed in the Circuit Court for the City of Martinsville, Petition for the Writ of Actual Innocence, and in the Petition for the Writ of Habeas Corpus. None of them were denied based on merits, the evidence of innocence was not denied or disapproved but was all denied over jurisdiction technicality such as procedural defects or default. Actual Innocence should be allowed and the U.S. Supreme Court is allowing Federal Habeas Petitions on the ground of Actual Innocence to overcome procedural bars. This is the only available remedy other than a petition or application to the Secretary of the Commonwealth for an absolute pardon.

(b) If you did not exhaust your state remedies on Ground One, explain why: Actual Innocence cannot be brought up under procedural bars. I was procedurally barred from all state remedies. I was barred under procedural grounds or techncality. I was barred from Writ of Habeas Corpus in Virginia due to not being in State Custody. However, I am serving a longer sentence of Supervised Release by the U.S. Probation Office as ordered by the Middle District of North Carolina directly caused by the state charge and conviction. Argued in state Court that Actual Innocence and me serving more Federal sentence directly caused by the state conviction should preclude the procedural defect/default. Supreme Court of Virginia refused my Petition for Appeal, even on Actual Innocence.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  N\A   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  N\A

Actual Innocence is not usually brought up on direct appeal. Actual innocence is brought up with new evidence with a post-conviction motion then that motion can be appealed.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for Judgment of Acquittal based on new evidence; January 20, 2022

Name and location of the court where the motion or petition was filed:   Circuit Court for the City of Martinsville

55 West Church Street, Martinsville, VA 24112

Docket or case number (if you know):   CR19000009-00

Date of the court's decision:   02/10/2022

Result (attach a copy of the court's opinion or order, if available):   Denied, construed as a Petition for the

Writ of Actual Innocence, claimed they do not have jurisdiction, not correct because that motion had

used Rule 3A:15 - Motion to Strike or to Set Aside Verdict; Judgment of Acquittal or New Trial.

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Court of Appeals of Virginia

109 North Eighth Street, Richmond, VA 23219-2321

Docket or case number (if you know):   CAV # 0290-22-3

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):   Unknown

Appeal still pending, but since appeal based on a order claiming lack of jurisdiction, there is no

guarantee that this appeal will prevail, therefore this 2254 Motion is being filed prior to 1 year AEDPA.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Anti-Terrorism and Effective Death Penalty Act doesn't care about post-conviction appeals. I have to file this Motion timely as everything else has failed. A few pending appeals left.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   Petition for the Writ of Actual Innocence filed in 2022 with the Court of Appeals of Virginia. Also brought up in a Motion for Judgment of Acquittal.

**GROUND TWO:**   State Court ignored pro se motions during the pending criminal case but did not ignore the Motion to Withdraw Appeal and accept the guilty decision of the General District Court

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

It is on the state court record. The state court record is over 2,000 pages total.

Prior to being convicted, Brian Hill had filed pro se motions because the lawyer wouldn't do anything

Pro Se Motions ignored by the Circuit Court was: (1) Motion to Suppress Evidence; (2) Motion for Discovery;

(3) Motion to Request an Insanity Defense — Sanity at the time of the Offense; (4) MOTION TO DISMISS;

and other motions but not as significant as the ones mentioned in this section. Brian D. Hill filed motions and

one of them was regarding discovery because Glen Andrew Hall the CORRUPT COMMONWEALTH ATTY

of Martinsville violated multiple Court Orders for discovery materials. The Court ordered discovery and the

prosecuting attorney Glen Andrew Hall did not comply with the court orders.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

may not be allowed to exhaust due to lack of jurisdiction. Was brought up in state Writ of Habeas corpus petition.

(c)   **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   Petition for Writ of Habeas Corpus

    Name and location of the court where the motion or petition was filed:   Circuit Court for the City of Martinsville

    "Because I was represented by counsel that was ineffective, any grounds I would raise pro se would be ignored."

    Docket or case number (if you know):   CL19000331-00

AO 241 (Rev. 09/17)

Date of the court's decision: 11/20/2019

Result (attach a copy of the court's opinion or order, if available): Dismissed

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Virginia

First was filed in Court of Appeals of Virginia, transferred to Supreme Court of Virginia.

Docket or case number (if you know): 200267

Date of the court's decision: 12/21/2020

Result (attach a copy of the court's opinion or order, if available): refused Petition for Appeal due to not being in State Custody

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Because it was more important to bring up Actual Innocence due to the U.S. Supreme Court's multiple rulings on the Actual Innocence exception to procedural defaults/defects. The Supreme Court of Virginia refused the actual innocence arguments. Actual Innocence issue was more important.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : Filed a request for an Absolute Pardon from the Secretary of the Commonwealth which is like the ombudsman or office which deals with requests for pardons. An absolute pardon is an Executive decree of Actual Innocence. The absolute pardon request was denied on June 3, 2022.

**GROUND THREE:** Due process deprivation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Due process deprivation because of the Circuit Court not providing equal application of the rules, of the law to all sides of a criminal case, all parties. The prosecution was allowed to violate three Court Orders for discovery and non-compliance with court orders is usually "contempt of court". Glen Andrew Hall, Esq. refused to comply with three discovery Court Orders dated (1) November 28, 2018; (2)February 6, 2019; and (3) July 15, 2019. The prosecution violated three court orders by non-compliance. Got away with it. They can violate any rule or court order they want. Court ignored pro se motions. Due process deprivation, violating 14th Amendment.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: only remedy used to bring up the issue of Glen Andrew Hall violating three court orders was the Motions for New Trial and Judgment of Acquittal. Brought up due process deprivation in pending state appeals but there is no guarantee those appeals will succeed due to the claim of lack of jurisdiction by Judge Greer. State Courts are strict on jurisdiction. So remedy may be not attainable.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Because of having ineffective counsel and the lawyer did not push for any contempt proceedings, all pro se motions were ignored by the Judge except motion to withdraw appeal. Pro se ignored, lawyer not ignored. Was forced to withdraw appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No    b. GROUND TWO: Due Process Deprivation Because I was represented by counsel that was ineffective, any grounds I would raise pro se would be ignored.

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Circuit Court for City of Martinsville

Docket or case number (if you know): CL19000331-00

Date of the court's decision: 11/20/2019

Result (attach a copy of the court's opinion or order, if available): Dismissed

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: In direct appeal to Writ of Habeas Corpus, I did raise the issue of the Court ignoring pro se motions but did not raise the issues of the Court Orders for discovery being violated because I was not aware of those exact Court Orders at the time I filed Writ of Habeas Corpus due to ineffectice counsel.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Motion for New Trial, Motion for Judgment of Acquittal. I brought up about the Court Orders being violated.

**GROUND FOUR:** Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel did not raise the issues that Brian David Hill was not medically cleared on September 21, 2018 when he was arrested for indecent exposure. Counsel did not push for any contempt proceedings or contempt charges against Commonwealth Attorney Glen Andrew Hall for violating three Court Orders for discovery. Counsel did not push for any criminal defense, did not disprove any of the Government prosecutor's elements to the charge. Lawyer can prove Brian David Hill was not medically and psychologically cleared at time of arrest. Lawyer can demonstrate lack of intent, and can also prove that there was no obscenity because Brian Hill did not intend to appeal to the prurient interest in sex. Three elements could have been knocked out, charge dismissed.

(b) If you did not exhaust your state remedies on Ground Four, explain why:
Tried to exhaust this ground in Petition for Writ of Habeas Corpus but failed due to not technically being in state custody. However, Petitioner is suffering under 4 more years of supervised release caused by the state charge and conviction. Conviction proves the Supervised Release Violation. Acquittal can disprove the Supervised Release Violation.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:
Proof: CITATION: "The Trial Court erred by entering the Final Conviction (Page 434) when the Defendant/Appellant had made complaints about the ineffectiveness of his appointed counsel who clearly was ineffective counsel; never even attempted to file any evidence or witnesses lists prior to the Jury Trial; never attempted a Motion to Dismiss"; from pro se PETITION FOR APPEAL OF APPELLANT, dated March 25, 2021

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Petition for Writ of Habeas Corpus

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Circuit Court for the City of Martinsville

Docket or case number (if you know): CL19000331-00

Date of the court's decision: 11/20/2019

Result (attach a copy of the court's opinion or order, if available): Dismissal

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Appeals of Virginia

Docket or case number (if you know): CAV # 0079-20-3

Date of the court's decision: 02/14/2020

Result (attach a copy of the court's opinion or order, if available): Transferred to SCV

RECORD NO. 200267, SCV Supreme Court of Virginia. Did raise the issue of ineffective counsel in the Petition for Appeal, but Petition was refused.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Tried for Absolute Pardon from the Governor's Office by and through the Secretary of the Commonwealth. They denied the petition for pardon on June 3, 2022. Tried Motions for New Trial and Judgment of Acquittal. Both failed. Pending appeals with no guarantee they will succeed and no guarantee they may be recognized as last available remedy and the statute of limitations of one year under AEDPA.

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Not all appeals made it at the Supreme Court of Virginia. This is very complex. This case is so complex the criminal case alone has over 2,000 pages. The Petition for the Writ of Actual Innocence may have thousands of pages in its record. It is too complex to explain in this little paragraph. This can be answered in inquiry.

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: GROUND FIVE, not necessary to be brought up in state appeal.; GROUND EIGHT: Petitioner was not aware the Circuit Court would go this far to not equally apply the law. GROUND NINE: Petitioner didn't know the Court would ignore the evidence until it happened.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N\A - Added this paragraph below not answering question 14. No remedies worked and so that is why this first filed 2254 Motion is being filed. The remaining appeals may likely not work so it is iffy. Also the Anti-Terrorism, and Effective Death Penalty Act will not wait for my remaining appeals to be exhausted because my direct appeal was concluded by failed Notice of Appeal to the Supreme Court of Virginia. My conviction became final on September 2, 2021 unless this Court counts my Petition for Rehearing or Rehearing En Banc. That Petition for Rehearing was denied on September 9, 2021. Pardon petition denied. The Court of Appeals admitted my only remedy I have is the pardon from the Governor. That failed.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Court of Appeals of Virginia, docket no. 0290-22-3 and 0289-22-3; Supreme Court of Virginia, docket no. 220186

   If those appeals ever do succeed instead of fail, it could overturn the conviction and cause a order for a new trial or judgment of acquittal. If those appeals fail on jurisdiction then it wouldn't matter about the pending appeals. There may be no available remedies. Things are iffy and not clear.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Scott Albrecht and Lauren McGarry

Public Defenders Office; located at 10 E Main Street, Martinsville, VA 24112

(b) At arraignment and plea: never plead guilty. State did not have a plea hearing except made a

decision to withdraw appeal and I was at the Clerk's office when appeal was withdrawn

(c) At trial: There was no trial as it was cancelled after motion filed to withdraw appeal

At the General District Court trial on Dec. 21, 2018, it would be Scott Albrecht.

(d) At sentencing: Scott Albrecht and Matthew Scott Thomas Clark. Matthew Clark at Circuit Court.

Both attorneys have different addresses. Scott Albrecht at General Dist. Court sentencing.

(e) On appeal: John Ira Jones, IV; JOHN JONES LAW, PLC

9520 Iron Bridge Road, Suite 204, Chesterfield, Virginia 23832

(f) In any post-conviction proceeding: PRO SE

PRO SE

(g) On appeal from any ruling against you in a post-conviction proceeding: PRO SE

PRO SE

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☑ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

extended sentence imposed for my Supervised Release by the U.S. Probation Office.

U.S. District Court for the Middle District of North Carolina. Four additional years added to 2028.

(b) Give the date the other sentence was imposed: 10/07/2019

(c) Give the length of the other sentence: 9 months imprisonment (overserved), extended supervised rel.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☑ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition:*

The direct appeal which the Court of Appeals had continued jurisdiction of the criminal case, that

appeal had been decided on September 2, 2021. A petition for rehearing was filed on September 6,

2021 and had been denied on September 9, 2021. No other remedies can work and there is no

Constitutional right to a Governor granting an absolute pardon. So there are no remedies which have

jurisdiction to be decided on merits. Writ of Habeas Corpus failed because of not being in state custody.

Page 14 of 16

AO 241 (Rev. 09/17)

Writ of Actual Innocence failed not over the merits but over the statute not including misdemeanor convictions. So there are no legal remedies for Actual Innocence which can be successful or have legal jurisdiction. So it should be timely since the direct appeal was legally considered as made final on September 2, 2021. The panel would not let it go in front of the entire court so regardless, the 2254 Motion should be considered timely filed as the final conviction of the last timely direct appeal having jurisdiction would be September 2, 2021.

There was an earlier direct appeal which was filed. That is why the years are weird. However, the court appointed lawyer John Ira Jones, IV failed to file a Petition for Appeal. He admitted he made a grave error or mistake and filed an Affidavit and request for delayed appeal. It was granted and jurisdiction for direct appeal of the criminal case opened up again to try again for a Petition for Appeal.

The final decision for the direct appeal, the delayed appeal granted by the Court of Appeals of Virginia, that final decision would be on September 2, 2021. I believe it would be a timely filed 2254 Motion. Appeals are still ongoing but is over decisions which the Circuit Court claimed they have no jurisdiction. If the Appeals Courts uphold the decision of no jurisdiction, then the 2254 Motion is appropiate at this time in order to file timely within the one year statute of limitations.

The delayed appeal was granted by the Court of Appeals of Virginia and extended the Direct Appeal of the final conviction on November 18, 2019. Extended untill September 2, 2021. That would make the one year deadline being at September 2, 2022. The Secretary of the Commonwealth denied the pardon petition from Brian David Hill on June 3, 2022. The Court of Appeals claimed Brian's only remedy available to him was only the Governor granting a pardon. No remedies may be available.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: (1) Vacate the final conviction in the Circuit Court for the City of Martinsville;(2) declare or acknowledge Brian David Hill innocent of his State charge/conviction; notify the U.S. Probation Office of such decision in the state conviction; (3) acquit Brian David Hill of charge or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ____06/21/2022____ (month, date, year).

Executed (signed) on ____06/21/2022____ (date).

JusticeForUSWGO.wordpress.com   JusticeforUSWGO.NL

*Brian D. Hill*
Signed
_____
Brian D. Hill
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____

  

Page 16 of 16



# PRIORITY® MAIL

- Date of delivery specified
- USPS TRACKING™ included international destinations
- Limited international insurance
- Pick up available.
- Order supplies online.
- When used internationally declaration may be required

**UNITED STATES POSTAL SERVICE.** Retail

P   US POSTAGE PAID
$9.90
Origin: 24112
06/21/22
5156520362-22

PRIORITY MAIL 1-DAY®

2 Lb 1.80 Oz

1005

EXPECTED DELIVERY DAY: 06/22/22

C001

SHIP TO:

210 FRANKLIN RD SW
STE 540
ROANOKE VA 24011-2208

USPS TRACKING® #



9505 5104 2592 2172 2032 68



**MAILING ENV**





EP14 Oct 2018

PRIORITY MAIL
POSTAGE REQUIRED




RECEIVED
JUN 22 2022
USDC Clerk's Office
Mail Room

FROM:

**PRIORITY MAIL** — UNITED STATES POSTAL SERVICE
VISIT US AT USPS.COM®

FROM:
**U.S.W.G.O.**
Brian D. Hill - Ally of Q
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
WWG1WGA Q Intel Drain the
Swamp MAGA - INVESTIGATE!
JusticeForUSWGO.wordpress.com



TO:

Clerk of the Court
U.S. District Court
210 Franklin Road S.W., Suite 540
Roanoke, VA 24011

To schedule free
Package Pickup,
scan the QR code.



Label 228, March 2016     FOR DOMESTIC AND INTERNATIONAL USE