# ADDITIONAL GROUNDS FOR 2254 MOTION

Brian David Hill (the "Petitioner"), has additional grounds for the 2254 Motion. Brian will not attempt to relitigate the State Case in Federal Court but instead will ask for Federal Court review of the State Court criminal conviction by Habeas Corpus review, asking to vacate a wrongful conviction in the State Court. The intent of Petitioner is Habeas Corpus review of the State Court decision. Enough evidence and arguments are made in the record of the State Court aka the Circuit Court warranting at least some form of relief, to the best of Petitioner's knowledge.

**GROUND FIVE: THE 2254 MOTION SHOULD BE AVAILABLE TO CRIMINAL DEFENDANTS INCLUDING BRIAN DAVID HILL IN FEDERAL CUSTODY WHO ARE SERVING AN ADDITIONAL 4 YEARS OF PUNISHMENT OR AN ADDITIONAL 4 YEARS OF SUPERVISED RELEASE SENTENCE DIRECTLY CAUSED BY THE STATE CONVICTION IN THE GENERAL DISTRICT COURT WHICH WAS AFFIRMED BY THE CIRCUIT COURT ON NOVEMBER 18, 2019. THOSE WHO SERVE FEDERAL SUPERVISED RELEASE SHOULD HAVE ACCESS TO WRIT OF HABEAS CORPUS TO BE ACQUITTED OF A WRONGFUL STATE CONVICTION WHEN BEING ACQUITTED OR FOUND INNOCENT OF THE STATE CRIMINAL CONVICTION WILL DIRECTLY IMPACT FEDERAL SUPERVISED RELEASE. DEPRIVING A FEDERAL CRIMINAL DEFENDANT THE RIGHT TO WRIT OF HABEAS CORPUS TO OVERTURN A STATE CONVICTION TO PROVE COMPLIANCE WITH FEDERAL SUPERVISED RELEASE CONDITIONS SHOULD NOT BE FORECLOSED OVER SIMPLY NOT BEING IN STATE**

## CUSTODY BUT IS IN FEDERAL CUSTODY AT THE TIME THE 2254 MOTION WAS FILED. ENTITLED TO RELIEF UNDER THE ALL WRITS ACT. 28 U.S.C. § 1651

The 2254 Motion should be available to criminal defendants in federal custody who are serving an additional punishment or sentence directly caused by the state conviction (being challenged by this 2254 Motion) in the General District Court which was affirmed by the circuit court on November 18, 2019. Those who serve federal supervised release should have access to writ of habeas corpus to be acquitted of a wrongful state conviction when being acquitted or found innocent of the state criminal conviction will directly impact federal supervised release. It will prove that a criminal defendant did not violate the conditions of his supervised release prohibiting violating a federal, state, or local criminal law. This 2254 Motion is necessary to proving that state law was not violated and no state conviction is warranted in order to be acquitted in State Court to prove no supervised release violation in Federal Court. Depriving a federal criminal defendant of the right to writ of habeas corpus to overturn a state conviction to prove compliance with federal supervised release conditions after being wrongfully charged with such violation should not be foreclosed over simply not being in state custody. Brian David Hill was found to be in violation of supervised release because of the state criminal charge and criminal conviction. If the State Court were supposed to find the evidence and facts to be favorable to acquittal of the

2

criminal defendant, then those same evidence and facts have to be used in the Federal Supervised Release Violation case too. Unless Brian Hill is acquitted and found innocent of his state conviction, he will be unable to prove that he did not violate his federal supervised release conditions at the time and date of September 21, 2018. Acquittal is necessary to convince the Federal Court in the Middle District of North Carolina that Brian David Hill did not engage in the commission of a crime on September 21, 2018. Petitioner is entitled to relief under the All Writs Act pursuant to 28 U.S.C. § 1651.

To foreclose on his right to have a Federal Court review over a state criminal court decision over simply not being "in state custody" deprives Brian David Hill of his right to demonstrate that he had already proven his actual innocence but that right was wrongfully taken away on some legal technicality, is a fundamental miscarriage of justice, and deprives the Petitioner of due process of law under the Fourteenth Amendment (Amendment XIV) and Fifth Amendment (Amendment V) of the U.S. Constitution.

This ground cannot be brought up on appeal in state court since GROUND FIVE directly involves this federal 2254 motion matter. This GROUND FIVE is directly a federal matter regarding a Petitioner's push for a Federal Court to allow a 2254 Motion to challenge a state conviction to be used to overturn the supervised release violation on the basis of not being guilty, not being convicted.

3

Under the due process clause of the U.S. Constitution, an American citizen cannot be deprived of life, liberty, or property without due process of law. See Amendment XIV of the United States Constitution. Due process of law under both Amendment XIV and the Amendment V. The Fifth Amendment of the Constitution applies to federal jurisdiction. The Fourteenth Amendment of the Constitution applies to state jurisdiction. Due process clause and the miscarriage of justice exception and actual innocence exception requires that a Federal Court accept and consider a 2254 Motion to challenge a state conviction/judgment in a criminal case when that conviction/judgment against an innocent man had caused the Petitioner to serve an additional sentence of federal supervised release. The Petitioner has the constitutional right to challenge his wrongful sentence of additional supervised release by challenging his original state conviction/judgment.

See McQuiggin v. Perkins, 569 U.S. 383, (2013) ("1. Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808, and House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1, or expiration of the AEDPA statute of limitations, as in this case. Pp. 391-398, 185 L. Ed. 2d, at 1030-1034.")

In this case the criminal defendant is filing this 2254 motion to challenge the state court decision while this Petitioner Brian David Hill is involved in a pending

4

28 U.S.C. § 2255 Motion litigation. See Document #291, Jan 27, 2022, case number 1:13-cr-435-1, MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL. Also affects Western District of Virginia, criminal case number 4:20-cr-00027, United States v. Brian David Hill. The decision in the state court directly affects the 2255 pending Motion case in the Middle District of North Carolina. If the state court conviction is vacated and acquittal is ordered, it will directly impact the 2255 Motion in the Middle District of North Carolina, and will ultimately affect the supervised release term in the Western District of Virginia in case no. 4:20-cr-00027.

I am still serving the extended supervised release term or four additional years due to the State conviction which I am challenging. Normally my sentence of ten years of supervised release would end on November 12, 2024, if I am correct. The term was extended to December 5, 2028. See Document #260, Docket Number: 1:13-cr-00435, Date Filed: October 27th, 2020, Middle District of North Carolina.

This 2254 Motion is necessary to push for legal acquittal in the State Court and this will be directly used in the pending case of Petitioner's 2255 Motion to vacate the Supervised Release Violation which will push my supervised release sentence back to ending on the date of November 12, 2024. Because of the 4 years of additional Supervised Release from the original sentence dates calculation, I am

5

still serving the sentence directly caused by my State conviction in General District Court and affirmed in the Circuit Court for the City of Martinsville being directly challenged in the 2254 Motion. The U.S. Constitution entitles me to relief by usage of 2254 Motion or relief under the All Writs Act pursuant to 28 U.S.C. § 1651. I have received the letter from the Secretary of the Commonwealth denying my request for an Absolute Pardon from the Governor. Dated June 15, 2022. The Court of Appeals of Virginia explained in their ORDER dated on "Thursday the 2nd day of September, 2021, case no. 1295-20-3 that my only available remedy to my criminal conviction on indecent exposure is by act of pardon from the Governor of Virginia. My pardon request was denied on June 15, 2022. I have no available remedy other than a Federal Court using a Writ Petition or Writ Motion for Habeas Corpus. A 2254 Motion is my only remedy left. The Court of Appeals of Virginia said that only the Governor can find me innocent, and they refused to find me innocent. Yeah, I appealed that decision from the Court of Appeals of Virginia and few other decisions right now, but I have no guarantee my appeals will mean anything as they can be denied. I have only a one year statute of limitations under the AEDPA to file my 2254 Motion requesting relief. I needed to file this before the one year statute of limitations expires. So I must file this now as I am entitled to relief.

## GROUND SIX: THE DECISION FROM THE CIRCUIT COURT TO REQUIRE CRIMINAL DEFENDANT BRIAN DAVID HILL TO PAY LEGAL COSTS AND LEGAL FEES BUT NO RESTITUTION WAS ORDERED. THAT DECISION VIOLATES 42 U.S. CODE § 407 - ASSIGNMENT OF BENEFITS. TO REQUIRE A CRIMINAL DEFENDANT TO PAY OUT OF HIS SUPPLEMENTAL SECURITY INCOME (SSI) DISABILITY MONEY WHICH IS A NEEDS BASED INCOME VIOLATES FEDERAL LAW. THE STATE COURT SHOULD NOT MANDATE PAYMENT OUT OF FEDERALLY PROTECTED MONEY FROM A DEFENDANT WHO IS JUDGMENT PROOF IN THIS CASE.

The decision from the Circuit Court to require criminal defendant Brian David Hill to pay legal costs and legal fees but no restitution was ordered. That decision violates 42 U.S. Code § 407 - Assignment of Benefits. To require a permanently disabled criminal defendant to pay out of his Supplemental Security Income (SSI) disability money from the Social Security Administration which is a needs based income violates federal law. The state court should not mandate payment out of federally protected money from a defendant who is judgment proof in this case. He is judgment proof except in cases of restitution but even that has it's limits to consider that they cannot deprive a criminal defendant of the ability to survive such as purchasing food, clothing, essentials, hygiene products for sanitation during the Covid-19 pandemic, and other needs. That would be basically sentencing a criminal defendant to DEATH by taking away needs based money, which is cruel and unusual punishment inflicted. Violating the Eighth Amendment of the U.S. Constitution. Amendment VIII.

This issue regarding the Circuit Court not being allowed to take SSI disability money was raised in the Court of Appeals of Virginia, and raised in post-conviction motions. All were denied. Appeals on this had failed. However this issue was raised.

### GROUND SEVEN: IT IS CRUEL AND UNUSUAL PUNISHMENT INFLICTED TO CONVICT AN INNOCENT MAN OF A CRIME. WHEN THE CIRCUIT COURT REFUSED TO ACCEPT ANY MOTION OR PETITION ASKING FOR RELIEF FROM THE WRONGFUL CONVICTION, THEY ARE CONVICTING AN INNOCENT PERSON AND SUBJECTING THAT PERSON TO AN INCREASE IN PUNISHMENT IN FEDERAL COURT WITH AN ADDITIONAL FOUR (4) YEAR TERM OF SUPERVISED RELEASE BY THE U.S. PROBATION OFFICE AGAINST AN INNOCENT MAN. MAKING AN INNOCENT MAN PAY LEGAL COSTS AND FEES THROUGH ONLY HIS FEDERALLY PROTECTED SSI DISABILITY MONEY IS CRUEL AND UNUSUAL PUNISHMENT INFLICTED.

It is cruel and unusual punishment inflicted to convict an innocent man of a crime. When the Circuit Court refused to accept any motion or petition asking for relief from the wrongful conviction, they are convicting an innocent person and subjecting that person to an increase in punishment in Federal Court with an additional four (4) year term of Supervised Release by the U.S. Probation Office against an innocent man. Making an innocent man pay legal costs and fees through only his federally protected SSI disability money is cruel and unusual punishment inflicted.

This issue regarding cruel and unusual punishment, regarding not convicting an innocent man was raised in the Court of Appeals of Virginia and/or in the Supreme Court of Virginia, and raised in post-conviction motions. All were denied. Appeals on this had failed. However this issue was raised.

### **GROUND EIGHT: THE CIRCUIT COURT HAS VIOLATED THE EQUAL PROTECTION OF THE LAW CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, VIOLATES DUE PROCESS OF LAW BY UNEQUAL APPLICATION OF THE LAW AND COURT RULES.**

The Circuit Court has violated the equal protection of the law clause of the Fourteenth Amendment of the United States Constitution (Amendment XIV). All throughout the criminal case of City of Martinsville and Commonwealth of Virginia v. Brian David Hill. All by the Circuit Court. It violates due process of law by unequal and selective enforcement of application of the law and court rules. It creates an unequal, unfair, game of a rigged judicial system. A Court is not supposed to be a rigged game, a rigged casino, a rigged system of any kind. A Court is supposed to be fair, equal, just, follows the laws, and is impartial. The law applies to everybody, the rules apply to everybody, even to the corrupt law breaking Commonwealth Attorney Glen Andrew Hall.

CITATION OF AMENDMENT XIV Section 1:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they

9

reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; **nor deny to any person within its jurisdiction the equal protection of the laws**."

The Circuit Court had refused to ever hold a contempt hearing, never pushed for any contempt proceeding against corrupt Commonwealth Attorney named Glen Andrew Hall, Esq. who had prosecuted the entire criminal case against Petitioner Brian David Hill. Glen Andrew Hall, Esq. had violated three Court Orders. Order for Discovery from General District Court issued and dated on November 28, 2018. He had violated two more Court Orders, Orders for Discovery signed by the Hon. Giles Carter Greer of the Circuit Court on the dates of orders issued on February 6, 2019; and July 15, 2019. All three of those Court Orders were violated.

However, the prosecutor Glen Andrew Hall, Esq. had pushed for a capias against Petitioner Brian David Hill on or about January 28, 2019 meaning a felony failure to appear criminal charge against Brian David Hill for being imprisoned at the time at the Federal Correctional Institution (FCI) 1 in Butner, North Carolina during a mental evaluation by Federal Court Order from the Western District of Virginia at the time. The evidence of this can be reflected from the record of the state court or at least the communication record from Judge Greer. At least from the communication between Judge Greer and the Clerks and the Commonwealth Attorney at the time. Petitioner is aware of this due to receiving the case files from

10

Attorney Matthew Scott Thomas Clark, and found the document regarding the capias push by Glen Andrew Hall. The capias was due to being unable to appear for a criminal case hearing dated January 28, 2019. However, he knew Brian Hill was detained by the Feds since December, 2018. So he pushed for a process similar to a contempt charge or proceeding against Petitioner Brian David Hill but that same Circuit Court did not ever push for a contempt proceeding or capias against Glen Andrew Hall for violating three Court Orders for discovery.

Brian filed pro se motions and had asked in writing for Glen Andrew Hall to face contempt charges for destruction of evidence and failure to follow those three Court Orders. The Circuit Court allowed Glen Andrew Hall to get away with his violations of Court Orders. The Circuit Court allowed Glen Andrew Hall to get away with violating Brian David Hill's constitutional rights under Brady v. Maryland, 373 U.S. 83 (1963).

This was not brought up on Direct Appeal of the conviction because the court appointed lawyer never pushed for any contempt proceeding. This was brought up in post-conviction motions asking for New Trial or Judgment of Acquittal.

Pro se motions were ignored by the Circuit Court but any motion by either side through a lawyer was acted upon with haste or was simply acted upon. The only pro se motion the Court did not ignore was Petitioner's "MOTION TO

WITHDRAW APPEAL" which was filed on 11/12/2019. Every other motion including a Motion for Case Dismissal due to lack of evidence and Motion for substitute counsel or new counsel was ignored intentionally by Hon. Giles Carter Greer. That violates due process of law and violates equal protection of the laws when the law is selectively enforced, when court rules are selectively enforced.

### GROUND NINE: THE CIRCUIT COURT HAS VIOLATED THE EQUAL PROTECTION OF THE LAW CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, VIOLATES DUE PROCESS OF LAW CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY UNEQUAL APPLICATION OF THE LAW AND COURT RULES. THE JUDGE IGNORED THE EVIDENCE, IGNORED THE WITNESSES, AND IGNORED MOTIONS SELECTIVELY. THE LAW AND COURT RULES WAS NOT EQUALLY APPLIED TO BOTH PARTIES IN THE CRIMINAL CASE.

The Circuit Court had violated the Due Process of Law clause in both the Amendment V and Amendment XIV of the U.S. Constitution by ignoring evidence filed by the criminal defendant/Petitioner, ignoring the facts presented by the criminal defendant/Petitioner, ignoring the law when favorable to the criminal defendant/Petitioner, and ignoring anything and everything favorable to the criminal defendant/Petitioner. It is clear that this Federal Court in a Habeas action can review over the state court record and be able to determine by de novo review of the record that evidence was ignored by the entire State Court process. The laws

and rules were selectively enforced, selectively applied, and selectively interpreted. The laws and rules were not equally applied here in the entire state case.

See Williamson v. Reynolds, 904 F. Supp. 1529, 1542 (E.D. Okla. 1995) ("Rather the inquiry on habeas is whether [defense counsel] . . . denied the defendant his right to due process by ignoring evidence, including evidence at trial, indicating that the defendant might not be competent").

See In re Marriage of Soden, 251 Kan. 225, 237 (Kan. 1992) ("Dillner contends the trial court abused its discretion by ignoring evidence of the circumstances of the divorce").

See James v. Bradley, 19-870-pr, 2 (2d Cir. Mar. 31, 2020) ("James brought this action alleging that Bradley violated his right to procedural due process by ignoring evidence at the hearing that purportedly showed that the tested urine was taken from someone other than James.").

See Raghav v. Wolf, 522 F. Supp. 3d 534, 538 (D. Ariz. 2021) ("Immigration Court violated his due process rights by ignoring evidence of his conditions in India and erroneously applying the law.").

See Brooks v. State, 209 Miss. 150, 151 (Miss. 1950) ("2. Constitutional law — due process — ignoring fundamental rights. The prohibition in the Constitution that no person shall be deprived of his liberty except by due process of law was intended to guarantee the protection of fundamental and constitutional rights so that

13

a fair trial may result, and where fundamental and constitutional rights are ignored due process does not exist and a fair trial can not be had.").

See Legal Research: What is it called when a judge ignores evidence? The definition of judicial misconduct is a serious deviation from the accepted practices of a judge in the judicial profession. A judge cannot expect to remain on the bench for long if ignoring evidence or flat out refusing to look at it becomes an even occasional behavior. A kangaroo court is a court that ignores recognized standards of law or justice, carries little or no official standing in the territory within which it resides, and is typically convened ad hoc. A kangaroo court may ignore due process and come to a predetermined conclusion. Ostensibly, the term comes from the notion of justice proceeding "by leaps", like a kangaroo – in other words, "jumping over" (intentionally ignoring) evidence that would be in favor of the defendant.

See Lafferty v. Cook, 949 F.2d 1546, 1555 n.10 (10th Cir. 1992) ("the inquiry on habeas is whether the state court denied the defendant his right to due process by ignoring evidence, including evidence at trial").

See Hunter v. United States, 548 A.2d 806, (D.C. 1988) ("Because the trial court improperly ignored evidence bearing on appellant's competence to enter a guilty plea, we reverse and remand to the trial court for further proceedings.")

See the Circuit Court ignored evidence of credibility of witnesses including chimney expert Pete Compton, Roberta Hill, Stella Forinash, and Kenneth

14

Forinash, and medical staff in the medical records submitted to the Court. Ignoring the good causes and adequate reasons for the need for relief requested in the denied Motions.

The Circuit Court ignored everything except anything favorable to the prosecutor and any motions or requests by the Public Defender including the motions for discovery which were not enforced by the same Public Defender. They ignored the evidence of or did not inquire into the destruction of police body-camera footage. They ignored the evidence of or did not inquire into the destruction of biological evidence such as blood samples obtained from Brian David Hill on September 21, 2018, before he was transferred to jail. They ignored the evidence of or did not inquire into the witness Pete Compton. They ignored the evidence of or did not inquire into the witness in "The chimney Sweep" business which caused the carbon monoxide gas poisoning. The Circuit Court ignored all evidence and was only interested in finding Brian David Hill guilty of indecent exposure. Always ruled in favor of Glen Andrew Hall, the corrupt Commonwealth Attorney. Always denied every pro se motion requesting relief, except maybe changing the court appointed lawyer, and granting the Public Defender's request for an order for discovery. However, the Circuit Court doesn't even enforce non-compliance with the discovery orders entered by Judge Greer despite the non-compliance by the corrupt Commonwealth Attorney Glen Andrew Hall.

The state court record will show evidence that the Circuit Court intentionally ignored evidence, intentionally ignored pro se motions while counsel was appointed. Then the Circuit Court intentionally ignored all new evidence, intentionally ignored evidence concerning the Actual Innocence of Brian David Hill. Brian David Hill has proven that he was not medically and psychologically cleared as charged on September 21, 2018. When he submits medical records from the exact same Hospital from 2017 and 2018, all on the record. There is a difference between both records. The medical record from 2017, shown that lab tests were conducted. The medical record from September 21, 2018, shown lab tests ordered but then to be deleted from the chart, so they were canceled without explanation as to why. Brian David Hill had proven to the Circuit Court that he was not medically cleared. One element of his criminal charge. The Circuit Court on record is acting as Kangaroo Court. They jump on one pro se motion to withdraw appeal but ignore all other pro se motions which makes no sense. All pro se motions should be ignored if their reasoning is that Brian Hill is represented by counsel, even though counsel was ineffective. Otherwise the Court should have acted on all pro se motions, not just only one. Instead they selectively enforce the ignoring of pro se motions to not ignore only one motion to withdraw the appeal and be convicted after affirmation of the General District Court's finding of guilty. Ignoring all other motions, causing the Petitioner to have no choice but to give up

16

on his criminal case since his lawyer clearly did nothing on the record to defend his own client.

### GROUND TEN: THE CIRCUIT COURT HAS VIOLATED THE CIVIL RIGHTS OF BRIAN DAVID HILL UNDER THE COLOR OF LAW. In violation of 18 U.S. Code § 242 - Deprivation of rights under color of law

The circuit court has violated the civil rights of Brian David Hill under the color of law. In violation of 18 U.S. Code § 242 - Deprivation of rights under color of law.

The judge Giles Carter Greer, the Public Defender Scott Albrecht and Lauren McGarry, the other court appointed lawyers such as Matthew Scott Thomas Clark and John Ira Jones, IV, and the corrupt Commonwealth Attorney Glen Andrew Hall had deprived Brian David Hill, the criminal defendant, of his constitutional rights, federally protected rights including his SSI disability money to be safe from garnishment and other legal process, and any or all privileges under the color of law. Brian was discriminated against because of his disability but "it is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim", according to the U.S. Department of Justice. See https://www.justice.gov/crt/deprivation-rights-under-color-law - Link and citation provided by family.

"Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the

17

Constitution or laws of the United States. For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim."

## List of criminal/civil cases and appeal cases material and relevant to this 2254 Motion

Circuit Court for the City of Martinsville

Case no. CL19000331-00; Writ Of Habeas Corpus

Case no. CL20000089-00; Petition for Writ of Error Coram Nobis

| CAV Record # | Party | Name | Opponent | CAV Case Type | Lower Tribunal | Tribunal Case # |
|---|---|---|---|---|---|---|
| 0290-22-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal by Right | Martinsville City | CR1900009-00 (02/10/2022 ORDER) |
| 0289-22-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal by Right | Martinsville City | CR19000009-00 (02/22/2022 ORDER) |
| 0173-22-3 | Petitioner | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Actual Innocence | | |
| 0242-21-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | No Jurisdiction | Martinsville City | CL20000089-00 |
| 0219-21-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | No Jurisdiction | Martinsville City | CL19000331-00 (04/10/2020 ORDER) |
| 1295-20-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal Appeal | Martinsville City | CR19000009-00 (11/18/2019 ORDER) |
| 1294-20-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal Appeal | Martinsville City | CR19000009-00 (11/25/2019 ORDER) |
| 0657-20-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal Appeal | Martinsville City | CR19000009-00 (APRIL 10, 2020 ORDER) |
| 0578-20-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal Appeal | Martinsville City | CR19000009-00 (04/02 ORDER) |
| 0129-20-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal Appeal | Martinsville City | CR19000009-00 (11/25 ORDER) |
| 0128-20-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | Criminal Appeal | Martinsville City | CR19000009-00 (11/15/19 ORDER) |
| 0079-20-3 | Appellant | HILL, BRIAN DAVID | COMMONWEALTH OF VIRGINIA | No Jurisdiction | Martinsville City | CL19000331-00 |

Respectfully filed with the Court, this the 21st day of June, 2022.

Respectfully submitted,

*Brian D. Hill*
Signed
Brian D. Hill

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter<br>
I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>
I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>
Make America Great Again<br>
JusticeForUSWGO.wordpress.com<br>
USWGO.COM<br>
JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Respondent(s) as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the Respondent(s) via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or by U.S. Mail. Thank You!

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL



20