LETTER TO THE HON. GILES CARTER GREER (JUDGE), HON. ASHBY R. PRITCHETT (CLERK), ATTORNEY MATTHEW SCOTT THOMAS CLERK (INEFFECTIVE LAWYER), AND GLEN ANDREW HALL (COMMONWEALTH ATTORNEY)

RE: City of Martinsville, Commonwealth of Virginia v. Brian David Hill; case no. CR19000009-00

MONDAY, JUNE 20, 2022
EDITED: TUESDAY, JUNE 21, 2022

| **ATTN: Hon. Ashby R. Pritchett** | **ATTN: Hon. Giles Carter Greer** |
|---|---|
| Martinsville Circuit Court | Martinsville Circuit Court |
| 55 West Church Street | 55 West Church Street |
| Martinsville, Virginia 24112 | Martinsville, Virginia 24112 |
| apritchett@vacourts.gov | cgreer@ci.martinsville.va.us |
| **ATTN: Glen Andrew Hall, Esq.** | **ATTN: Matthew S.T. Clark** |
| Commonwealth's Attorney | Ineffective Attorney |
| for the City of Martinsville | 711 B Starling Avenue |
| 55 West Church Street | Martinsville, Virginia 24112 |
| Martinsville, Virginia 24112 | matthewstclarklaw@gmail.com |
| ahall@ci.martinsville.va.us | |

To Whom it may Concern,

    I, Brian David Hill, the criminal defendant in this case will prove as much fraud on the court as possible because the corrupt Commonwealth Attorney Glen Andrew Hall will never admit to defrauding the Court, even when it is clear that it is.

    I am aware of things, enough that if I ever prove my theory to this Court, I am likely a dead man, my family are likely going to be targeted.

    I rather focus on being acquitted, I want to be acquitted of my wrongful conviction on November 18, 2019, of my indecent exposure charge on September 21, 2018. I deserve it.

    However I will bring out my theory to you, because you are the Court of Law.

**PAGE 1 OF 5 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

Theory as to why Martinsville Police Department destroyed evidence.

I will attach three pages, the page where medical lab tests were ordered then to be deleted from the chart, and the second page of testimony in Federal Court record where I cuss out police officer Robert Jones of Martinsville Police telling him *"F\*\*k you...At one point I told Sgt. Jones that "you aren't doing anything about the drug dealers in my (in our) neighborhood"...I don't trust the police"*. Citation partially omitted. Document #153, Filed 10/17/18, Page 6 of 11. The third page about me may be drugged at the time.

I am aware that Carbon Monoxide gas poisoning can also be part of intoxication. Had Sovah Health Martinsville, aka the Hospital in the City of Martinsville, had the Hospital conducted the laboratory testing on September 21, 2018 after drawing blood from my vein, they likely would find abnormal levels. Assuming in theory that they did the lab work. Let's say the police did look at the lab work assuming that I was intoxicated on unknown drugs or narcotics because they didn't know about the Carbon Monoxide poisoning and Carbon Monoxide gas exposure since October 5, 2017.

If they did see the lab work they knew that I was intoxicated and that would negate culpability to being found naked in a public place (walking trail) on September 21, 2018. They couldn't charge me with indecent exposure unless they destroy the blood vials and cover up the lab test results. Destroying lab work would be favorable to them.

I am aware of the Doctor's name in question who was at the Emergency Room when I was taken there by Martinsville Police and Officer Robert Jones was there in my Emergency Room bed area. I was in the Emergency Room but I am aware of Robert Jones being there with me. He knew blood vials were drawn, he knew they were for lab work. He knew lab work is normally conducted, admitted so under oath in Fed. Court.

The doctor's name is Dr. Brant Hinchman, DO, (772) 335-4000, License number 0102204592. Osteopathic medicine is based on the idea that all the body's systems are interrelated. Osteopaths focus on treating the whole person. Dr. Hinchman's occupation is Osteopathic Medicine.

Let's say lab testing was done and they assumed I was on some unknown narcotic or substance not knowing about my long term exposure to the Carbon Monoxide gas poisoning, as revealed by expert Pete Compton who is an expert on the gas but not the poisoning. The Martinsville Police, whoever is in on the take of the drug houses and

drug dealers, the drug people in the city of Martinsville, they assumed that somebody may have drugged me. That is also likely why the COVER UP by Martinsville Police.

Case 1:13-cr-00435-TDS, Document #153, Filed 10/17/18, Page 3 of 11:
"At one point I felt like I might collapse so I may have been drugged. I had to keep sitting on benches."

So it is clear that if the Martinsville Police were informed that I was making statements of being drugged, the lab tests may have been covered up if anybody high up in Martinsville Police Department was in on the take for drug money.

I am not trying to make permanent enemies here in Martinsville. I made that mistake in the town of Mayodan and got framed with child porn because of that.

However, all I am seeking from this Court, from Martinsville Police Department IS MY ACQUITTAL. I need to to be acquitted of indecent exposure because I am innocent. Glen Andrew Hall must acquit me, it is his DUTY.

If the lab test results were not covered up, I would have had a criminal defense of "intoxication". Lawyer Scott Albrecht could have brought up the intoxication defense.

That essentially leaves two situations where intoxication is a defense in Virginia for most crimes: (1) being surreptitiously intoxicated without your knowledge or (2) consuming a substance as directed by your physician but where the physician mistakenly prescribed the wrong dose. Today, neither of those is an impossible burden.

See https://wmmlegal.com/intoxication-as-a-defense-in-virginia#:~:text=That %20essentially%20leaves%20two%20situations%20where%20intoxication%20is,Today %2C%20neither%20of%20those%20is%20an%20impossible%20burden. - Family provided me with this criminal defense link and text.

I am innocent of indecent exposure because I was intoxicated by Carbon Monoxide Poisoning. The police body-camera footage recorded by Officer Robert Jones on September 21, 2018, would have shown signs of me being intoxicated. That was why my statements made to Martinsville Police were never taken seriously and when they said "black man in a hoodie". It was probably somebody involved with drug or drug dealing that Officer Jones likely assumes threatened me to get naked. Again, not knowing that my real intoxication came from the CARBON MONOXIDE GAS

**PAGE 3 OF 5 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

exposure, long term, prolonged exposure. Poisoning.

I believe the body-camera footage would have shown the jury that I was making statements which did not add up, that any expert would have determined that I was intoxicated. I was intoxicated because of Carbon Monoxide. The police assumed I was likely drugged and was afraid it would implicate one of the protected drug houses. So the lab results were covered up, likely by request from Martinsville Police Department. They also covered up the body-camera footage because it would have shown evidence of me being intoxicated. They were afraid it would implicate somebody they knew.

It is clear to this day that I am innocent of three elements of my criminal charge on September 21, 2018.

(1) INTENT
(2) OBSCENITY
(3) NOT BEING MEDICALLY AND PSYCHOLOGICALLY CLEARED AS ASSUMED BY OFFICER ROBERT JONES UNDER CRIMINAL COMPLAINT

Also if the lab results had not been covered up and destroyed, assuming the police found out about the lab results and wanted them covered up since they would have assumed I was under a substance or drug or narcotic not knowing anything about Carbon Monoxide gas can cause the same thing. They likely assumed it was a drug, not a gas.

When blood work is done and Carbon Monoxide can have effects similar to narcotics, medicines, and street drugs. Martinsville Police would not know this. If somebody is in on the take of the drug dealers in the city of Martinsville, they would want to cover up both the lab results, blood vials, and the body-camera footage.

That is my theory. If I ever fully prove this theory, I am a dead man.

I may be able to prove enough if I am forced to do so. I want to be acquitted.

Like I said, I only desire to be acquitted of indecent exposure. I only desire to demonstrate to this Court that I was not medically and psychologically cleared and that right there would be enough for ACQUITTAL, acquittal due to lack of evidence.

**You can't convict somebody of a weird abnormal behavior of a non-violent crime when that person is not medically cleared and may be intoxicated.**

PAGE 4 OF 5 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK

This Court, the Commonwealth Attorney, I am sure they are all aware of the corruption in Martinsville Police Department. How would you not?

You don't have to keep me convicted of indecent exposure to protect the drug houses and drug dealers here. You don't need to keep me convicted any longer because I was not medically cleared. The lab results were covered up, by your hands Glen Andrew Hall or by the hands of Martinsville Police Department high up. You covered up the truth to keep me wrongfully convicted. I am innocent, I don't want to be a target.

I am not willing to wait a decade or more until all of you are retired from your careers before I am acquitted of my wrongful conviction. It won't matter at that point. I am innocent, NOW. I AM INNOCENT, NOW.

Please acquit me, NOW. Glen Andrew Hall, I know about the criminal game going on here. I know about things being covered up. I am not willing to let this go until I am acquitted. I am innocent, you know I am innocent. You covered up the evidence which would have proven my innocence. The evidence was covered up to protect the drug dealers, the drug houses. That didn't have to happen. I was under CARBON MONOXIDE GAS poisoning. I was not on a street drug. There is nothing that should have been covered up here.
Please do not cover up evidence of my innocence to my charge any more.

Thank You. Respectfully filed with the Circuit Court, this the 21st day of June, 2022.

*Brian D. Hill*
Signed
**Brian D. Hill**

God bless you,
Brian D. Hill
Ally of Q, Former news reporter of U.S.W.G.O. Alternative News
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
(276) 790-3505



JusticeForUSWGO.NL or JusticeForUSWGO.wordpress.com

**PAGE 5 OF 5 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

I was able to go the Massanutten Resort from Monday to Thursday last week in Rockingham County VA, in my district. I think it was between Sept. 10 through 13/2018 if I am correct from memory. My family noticed that I didn't want to go back home. As if something was terrifying in my psychological mind, and I haven't kept my door or locks locked. Around 11 I went walking beside the road on the sidewalk and as I was around a warehouse or some kind of building, near or around the Martinsville VA downtown area ~~near the~~ near the hiking trail of "Dick and Willie", I was approached by a man in a hoodie probably sometime between 11 to 12 that night. I think maybe between 5 to 6 feet tall, maybe white, told me "You had better take your clothes off in public and take pictures of yourself and place the SD card around the bench after the bridge..." "or they would kill my mom Roberta Hill." At one point I felt like I might collapse so I may have been drugged. I had to keep sitting on benches, I didn't want my mother to be killed. My weakness is my Mother. I gave a false confession in 2012 because of being told "You better fess up or else your mother would be held responsible." Whoever threatened me that night knew my weakness. If I walk to the police or don't do what that man said would my mom be shot full of holes while sleeping and killed?
be

3

I was being charged with "indescent exposure".
I further told Sgt. R.D. Jones that I was going to
win the jury trial and sue him for violating the ADA.
Argument escalated to me saying to him
"Fu*k You". At one point things called down
and I was in a front of the TV with a
Magistrate. She, the Magistrate, brought up about
my federal criminal conviction and my 2015 Probation
Violation. I explained to her that the case is
under a habeas corpus 2255 review for my
claim of "actuationnocence" "actual innocence"
or something to that effect. She assumed that it was
some kind of an appeal. Told her that the probation
violation was over. U.S. Probation Officer Kristy L.
Burton making false statements, which is perjury
and may have mentioned that Anand Prakash
Ramasumany committed subornation of perjury, gave
her the federal case number. Also mentioned about
fraud on the court. I was given no bond, that
day. Was charged in Martinsville General District Court,
case no. C18-3138. It might be named as
Commonwealth of Virginia v. Brian David Hill. At one
point I told Sgt. Jones that "you aren't doing
anything about the drug dealers in my (or our)
neighborhood" that the FBI aren't doing anything
about the threats, I don't trust the police.

5) On September 26, 2018, I had filed a request
(am. for the jail directing that it be forwarded to
MPD) Sgt. R.D. Jones with more statements incl. a
Declaration as evidence,

6



Ramey, Nicole                                    nmr
Bouldin, Lauren, RN              RN    lbl
Reynolds, Daniel R               RN    dr

Corrections: (The following items were deleted from the chart)
09/21
04:48 09/21 04:16 COMPREHENSIVE METABOLIC PANEL+LAB ordered. EDMS              EDMS
09/21
04:48 09/21 04:16 COMPLETE BLD COUNT W/AUTO DIFF+LAB ordered. EDMS             EDMS
09/21
04:49 09/21 04:16 CPK, TOTAL+LAB ordered. EDMS                                EDMS
09/21
04:50 09/21 04:16 ALCOHOL, ETHYL+LAB ordered. EDMS                            EDMS
09/21
04:50 09/21 04:16 STAT OVERDOSE PANEL+LAB ordered. EDMS                       EDMS
09/21
04:52 09/21 04:52 09/21/2018 04:52 Discharged to Jail/Police. Impression:     bdh
Abrasion, right knee; Abrasion of unspecified front wall of thorax.
Condition is Stable. Discharge Instructions: Medication
Reconciliation. Follow up: Private Physician; When: Tomorrow; Reason:
Further diagnostic work-up, Recheck today's complaints, Continuance
of care. Follow up: Emergency Department; When: As needed; Reason:
Fever > 102 F, Trouble breathing, Worsening of condition. Problem is
new. Symptoms have improved. bdh
09/21
04:54 09/21 04:16 URINALYSIS W/REFLEX TO CULTURE+LAB ordered. EDMS            EDMS

*********************************************************************************

ED Physician Record - Electronic - Page 4/4      MM00370912      MM7806761243      SOVAH Health - Martinsville
Job 23328 (05/17/2019 13:34) - Page 7 Doc# 2

202

BRIAN WAS IN BAD SHAPE THAT NIGHT.  WE (BRIAN'S MOM & BOTH GRANDPARENTS) WERE THERE IN THE MARTINSVILLE COURT DECEMBER. 2018 AND WHAT WE SAW WAS THAT HIS DISABLED COURT APPOINTED ATTORNEY DID VERY LITTLE TO HELP BRIAN. BRIAN HAD NO SUPPORTS THERE FOR HIS DISABILITIES EVEN THOUGH WE MADE  IT CLEAR FROM THE BEGINNING ALL OF HIS DISABILITIES. WE WATCHED AS GLEN ANDREW HALL MADE FUN OF OUR GRANDSON & HIS DISABLED ATTORNEY, THEN HE TOOK 8 x 10 PHOTOS OF OUR GRANDSON IN THE NUDE TO SHOW ALL OF THE AUDIENCE WHICH INCLUDED US.  WE TURNED OUR HEADS & REFUSED TO SEE THEM.   THAT WAS HORRIBLE! THEN THE JUDGE SAID THAT BRIAN WAS GUILTY! GUILTY OF WHAT? GUILTY OF HAVING AUTISM? GUILTY OF BEING EXPOSED TO CARBON MONOXIDE FOR ABOUT A YEAR?  GUILTY OF BEING SET UP, AND PROBABLY DRUGGED?  GUILTY BECAUSE THE POLICE DID NOT DO AN INVESTIGATION?   AND GUILTY BECAUSE THE HOSPITAL WERE NEGLIGENT IN THEIR DUTIES? GUILTY BECAUSE THE POLICE IGNORED HIM & HIS FAMILY AND MADE SURE THE BODY CAM WOULD NOT BE THERE? THE MORE I CHECK INTO THIS, THE ANGRIER I BECOME  (BRIAN HILL'S GRANDMOTHER, STELLA FORINASH) 1/26/2022 AT 4 IN THE MORNING.

### THE FOLLOWING ITEMS WERE DELETED FROM THE CHART.  WHY?

MM00370912        MM7806761243        SOVAH Health - Martinsville
ED Physician Record - Electronic  -  Page 3/4                           Job 23328 (05/17/2019 13:34) -  Page 6  Doc# 2

```
Ramey, Nicole                              nmr
Bouldin, Lauren, RN              RN        lbl
Reynolds, Daniel R              RN        dr

Corrections: (The following items were deleted from the chart)
09/21
04:48 09/21 04:16 COMPREHENSIVE METABOLIC PANEL+LAB ordered. EDMS          EDMS
09/21
04:48 09/21 04:16 COMPLETE BLD COUNT W/AUTO DIFF+LAB ordered. EDMS         EDMS
09/21
04:49 09/21 04:16 CPK, TOTAL+LAB ordered. EDMS                            EDMS
09/21
04:50 09/21 04:16 ALCOHOL, ETHYL+LAB ordered. EDMS                        EDMS
09/21
04:50 09/21 04:16 STAT OVERDOSE PANEL+LAB ordered. EDMS                   EDMS
09/21
04:52 09/21 04:52 09/21/2018 04:52 Discharged to Jail/Police. Impression:  bdh
Abrasion, right knee; Abrasion of unspecified front wall of thorax.
Condition is Stable. Discharge Instructions: Medication
Reconciliation. Follow up: Private Physician; When: Tomorrow; Reason:
Further diagnostic work-up, Recheck today's complaints, Continuance
of care. Follow up: Emergency Department; When: As needed; Reason:
Fever > 102 F, Trouble breathing, Worsening of condition. Problem is
new. Symptoms have improved. bdh
```

# LETTER TO THE HON. GILES CARTER GREER (JUDGE), HON. ASHBY R. PRITCHETT (CLERK), ATTORNEY MATTHEW SCOTT THOMAS CLERK (INEFFECTIVE LAWYER), AND GLEN ANDREW HALL (COMMONWEALTH ATTORNEY)

RE: City of Martinsville, Commonwealth of Virginia v. Brian David Hill; case no. CR19000009-00

SATURDAY, JUNE 18, 2022

| **ATTN: Hon. Ashby R. Pritchett** | **ATTN: Hon. Giles Carter Greer** |
|---|---|
| Martinsville Circuit Court | Martinsville Circuit Court |
| 55 West Church Street | 55 West Church Street |
| Martinsville, Virginia 24112 | Martinsville, Virginia 24112 |
| apritchett@vacourts.gov | cgreer@ci.martinsville.va.us |
| **ATTN: Glen Andrew Hall, Esq.** | **ATTN: Matthew S.T. Clark** |
| Commonwealth's Attorney | Ineffective Attorney |
| for the City of Martinsville | 711 B Starling Avenue |
| 55 West Church Street | Martinsville, Virginia 24112 |
| Martinsville, Virginia 24112 | matthewstclarklaw@gmail.com |
| ahall@ci.martinsville.va.us | |

To Whom it may Concern,

    I, Brian David Hill, the criminal defendant in this case will prove as much fraud on the court as possible because the corrupt Commonwealth Attorney Glen Andrew Hall will never admit to defrauding the Court, even when it is clear that it is.

    The Secretary of the Commonwealth on June 15, 2022 had denied my request for an Absolute Pardon without it going to the Governor. That was a mistake. Now I have no choice but to prove that the entire criminal case is a fraud on the record, a fraud, not of justice. Then I will be asking a Federal Judge to strike down Giles Carter Greer's final judgment of criminal conviction on November 18, 2019. Either by a 2254 Motion or by a Bivens claim. I will file whatever I have to in order to have a Federal Judge strike down my wrongful conviction because the Governor's office is clueless about how erroneous my criminal conviction really is. It is an error, new evidence is coming.

    New evidence by possibly somebody from the government as woitness.

**PAGE 1 OF 11 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

Anyways, time to question Matthew Scott Thomas Clark on the record in this case, because I plan on filing a third motion for new trial or judgment of acquittal after I secure a witness or evidence possibly from the government or position of government proving that I, Brian David Hill, was NOT MEDICALLY CLEARED on September 21, 2018, I was not medically cleared because the Sovah Health Martinsville hospital (formally Martinsville Memorial Hospital) had ordered laboratory testing and blood alcohol testing but those tests were canceled, confirmed that they were ordered but never completed. They were to be deleted from the chart but the record still existed.

I have no choice but to use the truth even when it makes Matthew Clark, my court appointed lawyer look bad, I DON'T CARE. He will look bad, because he's ineffective.

Remember Matthew Clark when we met in consultation in 2019, and he told me and my family that the Martinsville Police didn't have to do the laboratory tests or drug tests, any of that. We talked about them not conducting the lab tests and Matthew Clark told me and my family during consultation "they don't have to". Well then, he didn't read the original CRIMINAL COMPLAINT then. Matthew Clark didn't read my original criminal complaint in General District Court or he wasn't competent to understand what it meant. Maybe he read it but didn't understand all of the elements of the charge.

In the criminal justice system backed by centuries of judicial case law, in all jury trials and even bench trials, every element of the criminal charge must be proven beyond a reasonable doubt to convict a criminal defendant. Read the highlighted part very closely Matthew Clark, you ineffective lawyer. READ IT CLOSELY.

Matthew Clark told me and my family that they didn't have to do lab test results. However, EVERY ELEMENT OF THE CRIME MUST BE PROVEN beyond a reasonable doubt. One of those elements in the criminal complaint said: "He was medically and psychologically cleared."

Read that on Page 3 of the criminal complaint in the case Mr. Clark:

"He was medically and psychologically cleared. " - One Element of the charge

That was where you went wrong Mr. Clark. You were wrong, because they have to conduct laboratory testing of blood samples to prove Brian was medically cleared.

**PAGE 2 OF 11 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

In case as a lawyer you try to argue that they still don't have to conduct lab testing to prove being medically cleared, let's see what Martinsville Police investigator Robert Jones told the Federal Judge under oath at the Supervised Release Violation hearing on September 12, 2019. Let me cite from the transcript what Robert Jones had to say about laboratory testing.

PAGE 35, FEDERAL HEARING TRANSCRIPT, CROSS EXAMINATION OF POLICE OFFICER ROBERT JONES, CASE NO. 1:13-CR-435-1. Letters Q and A of citation modified to add period after those letters. Hearing dated September 12, 2019, transcribed by Briana L. Bell, RPR, Official Court Reporter. Questions asked under oath, under penalty of perjury. Questions asked by attorney Renorda Pryor.

> Q. Was there any tests dealing with his blood alcohol content or anything of that nature?
> A. I don't know if they did. Like I said, I did not get his records. They normally do, but I do not have that.

Did you just see what the officer said Matthew Clark, they normally do laboratory testing and blood alcohol testing. But for some reason they did not conduct any laboratory testing when Officer Robert Jones said "they normally do...".

That means one thing, Brian Hill was not medically cleared on September 21, 2018. They did not prove that Brian Hill was not drugged up, they did not prove that Brian was not under any substance, drug, narcotic, or gas. Brian could have been given meth by the "guy in the hoodie" or somebody could have drugged Brian on crack cocaine. Those questions can never be answered because those lab tests were canceled.

I think I understand why and I am willing to piss off the Police Chief to bring this up. I think the Martinsville Police Chief G. E. Cassady protects some drug houses, not all of them, but certain drug houses are being protected by this corrupt police chief. We are aware that this police chief does not want to go after certain drug houses including one on Greyson street. Because this corrupt police chief probably protects certain drug houses, he was afraid that me talking about a man in a hoodie making me get naked had something to do with one of the protected drug houses. I bet I'm right on this, ha.

That would explain why the police recorded body-camera footage was covered up, the body-camera footage recorded at the time Brian was arrested on September 21,

2018, in violation of two Court Orders from Hon. Giles Carter Greer in ORDER for discovery materials. Glen Andrew Hall violated two court orders from Judge Greer.

Yet Matthew Clerk never pursued contempt proceedings against Glen Andrew Hall and Robert Jones for violating two court orders for discovery. That was another ineffective counsel act that Matthew Clark had done, he failed and refused as my lawyer to pursue the body-camera footage to the extent where there should have been contempt proceedings. He had the grounds to push for contempt proceedings, non-compliance.

Another thing Matthew Clark told me and my family during consultation in 2019 prior to me withdrawing my appeal in the Circuit Court was that the body-camera footage had been destroyed, he told me and my family this. Told us about a body-camera evidence retention period. That shouldn't matter during a pending criminal litigation or criminal investigation. Matthew Clark should have or Scott Albrecht the former Public Defender assistant should have filed a litigation hold letter requesting retention of the blood vials drawn from Brian Hill's arm and a litigation hold letter to retain the police body-camera footage. There was no litigation hold letter at all, evidence spoliated.

Of course Matthew Clark told me and my family that: it could hurt you.

Well if that footage as evidence could have hurt me and my case, then it never would have been destroyed, they would have proudly used the body-camera footage in General District Court, against me to further prove guilt. The only reason to suppress evidence, hide evidence, and destroy evidence is to cover up the truth. Covering up the evidence.

Again, corrupt Police Chief G. E. Cassady protects certain drug houses, I am aware of this because of certain corrupt activities which went on last year (neighbors) beside my grandma's house on Greyson Street. This police chief protects certain drug houses. That is why I believe the cover ups took place. They probably reviewed over the body-camera footage and saw signs that I didn't look right, that I didn't look good when I was talking to Officer Robert Jones. They probably assumed I was drugged or didn't look like somebody who wasn't but the corrupt Police Chief didn't want the protected drug houses to be investigated, so they resorted to just charging me with indecent exposure and covering up any blood samples, covering up the body-camera footage.

Since the Governor's office won't fix this, it is time for me to address the frauds, each fraud in this Circuit Court, then I will get a Federal Judge to strike down Giles Carter Greer's conviction on November 18, 2019. It should be vacated, reversed.

**PAGE 4 OF 11 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

I was not medically cleared. I plan on gathering evidence, by private or public investigations. I will do so by whatever means necessary I have at my disposal. As cheaply as possible. I'm on a fixed income but I am persistent. I will keep fighting.

Matthew Clark, I am sorry but you are ineffective counsel, you were ineffective counsel, I am proving your ineffective counsel in 2019. I proved it.

See Strickland v. Washington, 466 U.S. 668 (1984), The appropriate standard for ineffective assistance of counsel requires both that the defense attorney was objectively deficient and that there was a reasonable probability that a competent attorney would have led to a different outcome.

I am gathering evidence right now, making moves to get investigations started. Once I have the new evidence which will be somebody in a position of power. I will not say who right now because Glen Andrew Hall will manipulate those investigations to stop, I don't trust this lying lawyer. I don't trust the lying lawyer Matthew Clark either.

Once the investigations are done, I will file those investigations results with this Court, I will use those investigations to compel this Court to vacate my criminal conviction on November 18, 2019.

All I have to prove is that I was not medically and psychologically cleared at the time of arrest. That is an element. You cannot hold somebody criminally culpable who has Autism when they have not been both medically and psychologically cleared proving they were medically able to understand his/her actions, at least in this criminal case.

When Matthew Clark said they didn't have to check lab results, maybe by law they don't have to, but they have to check the lab results when they say under oath, under penalty of perjury in their CRIMINAL COMPLAINT that I was medically and psychologically cleared. I was not. That also disproves INTENT as well, because how can you even prove intent when the person was not truly medically and psychologically cleared? It was important for the police officer to say medically and psychologically cleared. If it wasn't an important element, it wouldn't be there.

Also to Matthew Clark, you screwed up on something else. You didn't ask the worker or contractor from "The Chimney Sweep" business at 1590 Blue Bend Road,

**PAGE 5 OF 11 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

Rocky Mount, Virginia 24151, to be a witness. Regarding October 5, 2017.

I like to report to this Court and also I may end up filing a report with the Virginia State Police if there is any criminal charge I can still push for not under statute of limitations. A criminal charge I want against The Chimney Sweep.

The Chimney Sweep is responsible on October 5, 2017, they were paid $300 by check, Roberta Hill, using her SunTrust Bank Account, and they installed metal tin on top of the chimney flues. Chimney flues covering up the ventilation shaft to both Apartment 1 and Apartment 2 of 310 Forest Street, Martinsville, VA 24112.

I filed a complaint against The Chimney Sweep with the Attorney General, last month. They are refusing to respond to my complaint, that is because they know they ARE THE CAUSE OF BRIAN HILL'S BEHAVIOR ON SEPTEMBER 21, 2018. They are the cause of what led to Brian Hill being arrested. Glen Andrew Hall can ask for this complaint, a copy of it to be filed on the record. I'd be happy to file a copy of the complaint against The Chimney Sweep with this Court in this case to prove it.

I was under prolonged carbon monoxide exposure from October 5, 2017, to late September 20, 2018. Any medical expert, despite not having the levels of Carbon Monoxide poisoning, prolonged exposure to Carbon Monoxide poisoning gas can lead to psychosis, hallucinations (Where is the "black man in a hoodie"? If Brian was hallucinating?), mental confusion, can worsen Autism with the wandering out late at night away from home because usually only kids with Autism wander away from home but the Carbon Monoxide created a situation where I exhibited behavior usually kids with Autism can have in 2018. CO gas poisoning leads to this.

I have the Hospital lab tests done in 2017, Sinus Tachycardia, abnormal hemoglobin or Blood Cell counts. Abnormal lab test results, injury in my head with blood pouring out on November, 2017. Lab tests conducted.

Lab tests were not conducted on September 21, 2018. I was not medically cleared, when lab tests are already ORDERED but then to be deleted from the chart, they were canceled by the Hospital without a valid explanation on the medical record as to why.

Could it be the corrupt drug houses protecting Police Chief G. E. Cassady caused this????????????????????? The corrupt Police Chief caused evidence destruction????

**PAGE 6 OF 11 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

Even in my letter to the Federal Court about my indecent exposure, I cussed out officer Robert Jones with the f-word saying they aren't doing anything about the drug houses. So they had a good reason to cover up the blood vials and cover up the laboratory results. They had to protect the drug houses and get me on indecent exposure to cover up the truth. What is the truth???

THE TRUTH was that Brian David Hill was not medically cleared on September 21, 2018. A month later Brian was diagnosed as to having a "psychosis", not of a known substance or whatever. Psychosis was diagnosed with in response to Brian Hill's claim about a guy in a hoodie threatening Brian to get naked. That goes back to Carbon Monoxide. Psychosis is one of the symptoms.

I have asked both Franklin County Code Enforcers and Rocky Mount city or town Code Enforcers to hold "The Chimney Sweep" accountable for causing my arrest on September 21, 2018, because of the installation of metal tin on top of the chimney flues causing both the Hot Water Heater (gas) and gas furnace or I should say gas radiator had exhausted gas but the gas was blocked due to the metal tin on top of the chimney flues. The gas had nowhere to go except through my chimney and caused me suffering.

The Chimney Sweep is responsible for the indecent exposure, they should be charged with being the cause of this. They caused the Carbon Monoxide poisoning and gas since October 5, 2017. We have the check stub proving they were paid $300. Pete Compton can prove to this Court by his witness testimony as to the metal tin on top of the chimney. Through paper, I confronted The Chimney Sweep with this evidence with the witness letter from Pete Compton, filed a complaint with the Attorney General.

Consumer Protection Office, case no. 953850, Confirmation Number: 22-01544; complaint filed on May 17, 2022.

They were confronted with this evidence, and they received a copy of my complaint if I am correct, and they refused to respond. They received a copy of my arrest warrant, they know they caused what happened on September 21, 2018. They knew the Hospital in 2018 did not do their job. I was not medically and psychologically cleared in any way, shape, or form.

It isn't about just proving lack of intent, the element of being medically and psychologically cleared on September 21, 2018, is a FRAUD. They never tested me for any drugs, narcotics, substances, or anything prior to me being arrested. Robert Jones

lied under oath by saying Brian David Hill was  medically and psychologically cleared. Either lied or had a blatant disregard for the truth. Lack of probable cause.

Robert Jones said under oath that he didn't get my medical records. Here is a citation, again from the Federal transcript filed with the motion for new trial:

PAGE 34 and 35, FEDERAL HEARING TRANSCRIPT, CROSS EXAMINATION OF POLICE OFFICER ROBERT JONES, CASEW NO. 1:13-CR-435-1. Letters Q and A of citation modified to add period after those letters. Hearing dated September 12, 2019, transcribed by Briana L. Bell, RPR, Official Court Reporter. Questions asked under oath, under penalty of perjury. Questions asked by attorney Renorda Pryor.

> Q Okay. Did you get those reports from -- the medical reports?
> A No, I did not do a subpoena for his hospital records.
> Q Okay. Did you speak to a doctor or anyone regarding his condition or anything of that nature that night?
> A We -- other than just checking with him to see if they were going to be releasing him or admitting him, no.
> Q Do you recall any tests that were taken that night besides just checking, I believe you said, his knee?
> A No, ma'am. Like I said, when we -- we also checked him for mental health issues is the reason why they cleared him psychologically, to make sure there was nothing going on there. Once they do that, they do lab work and other stuff. I didn't ask about his medical history.

He admitted he didn't even get the medical reports. This officer didn't even know Brian Hill was diabetic. Didn't even believe Brian had autism. The Hospital has records proving that, but the Officer didn't believe Brian and didn't ask the Hospital if Brian was really autistic or was lying to him. This officer was INCOMPETENT, STUPID, He didn't do a good enough investigation worth a damn. He lied under warrant affidavit.

It is clear to this Court, the whole indecent exposure conviction is a fraud, it is erroneous. I will be asking a Federal Judge to strike down this conviction and use this letter as well in the Federal Courts. There are loopholes to the Rooker Feldman Doctrine. I will be pushing Federal Writ of Habeas Corpus. I will be bringing up what a

fraud all of this is. This is a fraud, he didn't know whether I was truly medically cleared.

You cannot hold somebody criminally culpable unless they are proven to being medically and psychologically cleared. That is one of the elements of my charge on September 21, 2018. Said under oath me being medically cleared when I was wasn't.

There will be investigations, I will push for them and will not inform the Court as to who is investigating until they are complete. Once they are complete I will ask for those records through FOIA request or by whatever legal means at my disposal.

The Chimney Sweep is the cause of Brian David Hill being naked on September 21, 2018. They are the cause because they installed metal tin on top of the chimney flues. The corrupt Police Chief was afraid of the drug houses being implicated by my claims so they covered up the police body-camera footage and covered up any laboratory results from the Hospital and instead they covered up doing any laboratory work or likely was pressured not to conduct the lab testing results. AT no fault of Brian Hill, the lab tests were canceled and thus Brian David Hill was not proven to being medically cleared, that is a lie. Brian was under carbon monoxide gas since October 5, 2017, poisoned from it's effects. Prolonged exposure to carbon monoxide can cause abnormal behaviors, any medical expert would have told the jury that prolonged exposure to Carbon Monoxide gas could cause the indecent exposure type behavior.

Matthew Clark failed to have a medical expert even learn about this.

The Hospital failed to medically clear Brian David Hill by the Emergency Room standards, on September 21, 2018. The medical record from November, 2017, a month after The Chimney Sweep was paid $300 and they installed the metal tin on the exhaust chimney flues where the gas had nowhere to exhaust except in the Apartments, the medical record had complete laboratory results of Brian David Hill. The medical record from September 21, 2018 had no lab results, they were ordered but canceled.

BRIAN WAS NOT MEDICALLY CLEARED. HE IS NOT GUILTY.

Sustaining a criminal conviction, even after I will obtain investigation reports at a later time will make the Judge complicit to fraud on the Court. The judge will need to consider vacating the erroneous conviction on November 18, 2019. It is erroneous.

All I need is one government employee or any expert to admit based on the

**PAGE 9 OF 11 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**

evidence that Brian David Hill was not medically cleared on September 21, 2018, then it is more than just Brian not having intent necessary. That element of medically cleared and psychologically cleared is necessary and is part of the criminal charge.

ALL ELEMENTS OF THE CRIMINAL CHARGE MUST BE PROVEN BEYOND A REASONABLE DOUBT.

## ALL ELEMENTS OF THE CRIMINAL CHARGE MUST BE PROVEN BEYOND A REASONABLE DOUBT.

The element of intent is disproven because Brian Hill was not psychologically and medically cleared. I have disproved the medically cleared element. Not all elements are met. I never plead guilty, Hon. Giles Carter Greer knows this. He knows it. He marked out such notion when he accepted my written motion to withdraw appeal. I never waived all of my rights, I preserved my right to prove my innocence at a later time.

I will be getting investigation report or reports at some point because I will push for investigations and will not inform the Court of such investigations until they are completed to protect any investigators from harassment or meddling, I will be asking for acquittal or New Trial again based on Tweed v. Commonwealth, 36 Va. App. 363, 550 S.E.2d 345 (Va. Ct. App. 2001) and Odum v. Commonwealth, 225 Va. 123, 301 S.E.2d 145 (Va. 1983). This judge knows by law I can have a new trial with new evidence.

Once I have investigative reports of any kind, especially from the Government, I will be filing one more motion for new trial or judgment of acquittal.

It doesn't matter about Rule 1:1 and lack of jurisdiction. New evidence does warrant a new criminal trial, you know this, the judges know this. Case law says this.

See the photo of the check stub to The Chimney Sweep in 2017. This proves my mother Roberta Hill paid $300 to The Chimney Sweep to work on the chimney.

168

✓ Track Your Expenses...

☐ Auto/Travel  ☐ Education  ☐ Medical/Dental
☐ Business  ☐ Entertainment  ☐ Savings
☐ Charities  ☐ Food  ☐ Taxes
☐ Clothing  ☐ Home  ☐ Utilities
☐ Dependent Care  ☐ Insurance  ☐ Other

Oct. 9, 2017

*The Chimney Sweep*

BAL. FOR'D

ITEM AMOUNT  300.00

BALANCE

DEPOSIT

FOR'D

Duplicate is produced using soy-based materials.
Images may appear light.

☐ TAX DEDUCTIBLE ITEM

no.

For enhanced security your account number will not be printed on this copy

NOT NEGOTIABLE

Thank You. Respectfully filed with the Circuit Court, this the 18th day of June, 2022.

*Brian D. Hill*
Signed

**Brian D. Hill**

God bless you,
Brian D. Hill
Ally of Q, Former news reporter of U.S.W.G.O. Alternative News
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
(276) 790-3505



JusticeForUSWGO.NL or JusticeForUSWGO.wordpress.com

**PAGE 11 OF 11 - LETTER TO JUDGE, CLERK OF CIRCUIT COURT, MATTHEW CLARK**



# COMMONWEALTH of VIRGINIA

### *Secretary of the Commonwealth*

**POST OFFICE BOX 2454**

June 03, 2022

**RICHMOND, VIRGINIA 23218-2454**

Brian David Hill
310 Forest Street, Apt 2
Martinsville, VIRGINIA 24112

Dear Brian David Hill:

We are writing to let you know your petition for executive clemency has been denied.

We understand that this news is not easy to receive although you should know that pardons are granted only in extraordinary circumstances and in a relatively small percentage of cases. Our team thoroughly reviewed your petition and, unfortunately, it did not warrant action at this time. Once a petition has been denied, there is no right to appeal. You are, however, encouraged to continue to build a strong record as a good citizen and you are eligible to submit another petition for executive clemency three years from the date of this letter.

Sincerely,

Pardons Department
Office of the Secretary of the Commonwealth

## *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* 1ˢᵗ *day of* **March, 2022**.

Brian David Hill,                                                                                                    Petitioner,

against                          Record No. 0173-22-3

Commonwealth of Virginia,                                                                             Respondent.

Upon a Petition for a Writ of Actual Innocence

Before Judges Beales, Athey, and Lorish

Brian David Hill seeks a Writ of Actual Innocence under Chapter 19.3 of Title 19.2 of the Code of Virginia by petition filed on February 3, 2022. Hill contends that he is actually innocent of indecent exposure, for which he was convicted in the General District Court of the City of Martinsville on December 21, 2018. Although Hill appealed the conviction to the Circuit Court of the City of Martinsville, he subsequently withdrew his appeal. By final order entered on November 18, 2019, the circuit court affirmed the judgment of the general district court and ordered Hill to pay court costs. *See* Code § 16.1-133.

Hill asserts he is innocent based on the "unlawful destruction of evidence by the Commonwealth." Specifically, Hill alleges that the Martinsville Police Department and Sovah Hospital destroyed evidence pertinent to his ability to defend against the charge for which he was convicted. Hill also notes the 2020 amendments to the actual innocence statutes relaxing the burden of proof from clear and convincing evidence to a preponderance of the evidence. *See generally Tyler v. Commonwealth*, 73 Va. App. 445, 460-62 (2021) (discussing the change in the burden of proof).

### ANALYSIS

"Code § 19.2-327.10 confers original jurisdiction upon this Court to consider a petition for a writ of actual innocence based on non-biological evidence." *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020) (quoting *Phillips v. Commonwealth*, 69 Va. App. 555, 562 (2018)). "This Court's authority to issue a

writ of actual innocence, however, 'is limited. It can only be exercised "in *such cases* and in *such manner* as may be provided by the General Assembly."'" *Waller v. Commonwealth*, 70 Va. App. 772, 775 (2019) (quoting *In re Brown*, 295 Va. 202, 209 (2018) (quoting Va. Const. art. VI § 1)) (emphasis in original).

"Code § 19.2-327.10 confers original jurisdiction upon the Court of Appeals of Virginia to consider a petition for a writ of actual innocence based on newly-discovered, non-biological evidence filed by any individual 'convicted of *a felony*[.]'" *Turner v. Commonwealth*, 282 Va. 227, 239 (2011) (emphasis added). By authorizing this Court to issue a writ of actual innocence in response to a petition from a person who was convicted of a felony, the General Assembly plainly limited eligibility for the writ to those convicted of felony offenses. "Petitions that fall 'outside of these statutory boundaries,' must be submitted to the Governor of Virginia, who is vested with the power of executive clemency." *Waller*, 70 Va. App. at 775 (quoting *In re Brown*, 295 Va. at 209). Here the record reflects, and Hill expressly pleads, that he was convicted of a misdemeanor offense.

Accordingly, this Court is without jurisdiction to consider Hill's petition for a writ of actual innocence and his petition is summarily dismissed. Code § 19.2-327.10.

A Copy,

Teste:

A. John Vollino, Clerk

By: *anne Calvin Forsythe*

Deputy Clerk

-2-

CORRECTED

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Thursday** *the* **2nd** *day of* **September, 2021**.

Brian David Hill, Appellant,

against          Record No. 1295-20-3
                    Circuit Court No. CR19000009-00
                    (Appeal of November 18, 2019 order)

Commonwealth of Virginia and
   City of Martinsville, Appellees.

From the Circuit Court of the City of Martinsville

Before Senior Judges Annunziata, Clements and Frank

Counsel for appellant has moved for leave to withdraw. The motion to withdraw is accompanied by a brief referring to the part of the record that might arguably support this appeal. A copy of this brief has been furnished to appellant with sufficient time for appellant to raise any matter that appellant chooses.

The Court has reviewed the petition for appeal and appellant's *pro se* supplemental petitions for appeal, fully examined all of the proceedings, and determined the case to be wholly frivolous for the following reasons:

I. Appellant, by counsel, argues that the trial court committed reversible error when it accepted his withdrawal of his misdemeanor appeal "without ascertaining whether [he] was accepting the general district court's judgment voluntarily and with an understanding of the consequences of his withdrawal[.]" Appellant contends that allowing him to withdraw his appeal without making such an inquiry violated Rule 3A:8(2) and Rule 7C:6(a).

On December 21, 2018, the General District Court for the City of Martinsville convicted appellant of misdemeanor indecent exposure and sentenced him to thirty days in jail. He timely noted an appeal to the trial court. See Code § 16.1-132. Although he had court-appointed counsel, nearly a year after noting his

appeal to the trial court, appellant filed a *pro se* motion to withdraw his appeal. Th trial court entered an

order affirming the district court's judgment and assessing costs on November 18, 2019.

Appellant, by counsel, argues that a withdrawal of a misdemeanor appeal from the general district

court is, "[f]or all practical purposes concerning guilt or innocence, . . . indistinguishable from a circuit

court's acceptance of a guilty or no contest plea to the same charge." He therefore posits that the trial court

was obligated under Rule 3A:8(2) and Rule 7C:6(a), which govern guilty and *nolo contendere* pleas, to

"determine whether [he] was withdrawing his appeal 'voluntarily' and 'with an understanding of the nature of

the charge and the consequences' of his withdrawal." We disagree.

The withdrawal of a properly noted appeal from the general district court to the circuit court in a

criminal case is governed by Code § 16.1-133. That statute provides, in pertinent part, as follows:

> [A]ny person convicted in a general district court, a juvenile and domestic
> relations district court, or a court of limited jurisdiction of an offense not
> felonious may, at any time before the appeal is heard, withdraw an appeal
> which has been noted, pay the fine and costs to such court, and serve any
> sentence which has been imposed.
>
> A person withdrawing an appeal shall give written notice of withdrawal to the
> court and counsel for the prosecution prior to the hearing date of the appeal. If
> the appeal is withdrawn more than ten days after conviction, the circuit court
> shall forthwith enter an order affirming the judgment of the lower court and the
> clerk shall tax the costs as provided by statute. Fines and costs shall be
> collected by the circuit court, and all papers shall be retained in the circuit court
> clerk's office.

The Supreme Court has explained that the statutory requirement that the circuit court enter an order

"affirming" the district court judgment "indicates that the general district court judgment in the withdrawn

appeal remains in effect and is ratified by the circuit court order." Commonwealth v. Diaz, 266 Va. 260, 265

(2003). Indeed, until the appeal "is heard" in the circuit court, the general district court's judgment, although

stayed, remains a valid judgment while the appeal is pending. Id. Thus, the general district court's judgment

convicting appellant of indecent exposure "remained in effect throughout the proceedings in this case." Id.

"[W]here a misdemeanant withdraws his appeal *de novo* from the district court before it is heard in the

circuit court, his conviction and sentence by the district court are affirmed . . . ." Turner v. Commonwealth,

49 Va. App. 381, 389 (2007). Nothing in the statute, or the precedents applying it, mandates or even suggests that the trial court is required to take any action other than to enter an order affirming the district court's judgment, if the appellant notifies the court that he is withdrawing the appeal. Indeed, appellant himself notes in his *pro se* supplemental petition for appeal that he did not plead guilty or concede his guilt. Thus, we find appellant's argument that the Rules of Court governing guilty pleas applied under the circumstances of this case is without merit.

II. Appellant, *pro se*, contends that the trial court erred by "entering the Final Conviction" because it "ignor[ed]" his other *pro se* filings, but "entertain[ed]" his "motion" to withdraw his appeal.[1] Appellant contends that the trial court violated his rights to due process and equal protection rights by "pick[ing] and choos[ing]" which of his *pro se* motions it would act upon. We find no error in the trial court's judgment.

Initially, we note that the trial court did not enter a "final conviction." Rather, the trial court merely affirmed the district court's stayed but valid conviction and sentence. Diaz, 266 Va. at 265.

The record demonstrates that after the trial court set the case for a jury trial,[2] appellant, who was represented by counsel, filed a series of *pro se* motions; those motions were: motion for an insanity defense alleging that he was insane at the time of the offense but was sane and competent when he filed the motion; motion for new counsel, asserting trial counsel was ineffective; motion for discovery seeking footage from the arresting officer's body worn camera; motion to suppress evidence of his prior federal conviction for possession of child pornography; and, a motion to dismiss for insufficient evidence. The trial court had entered a discovery order on July 15, 2019, which required the Commonwealth to permit appellant's counsel "to inspect and copy or photograph, within a reasonable time, before the trial or sentencing, . . . [a]ny relevant written or recorded statements or confessions made by the Defendant, or copies thereof, or the substance of any oral statements or confessions made by the Defendant to any law enforcement officer . . . ." The record

---

[1] We grant appellant's motion to treat his *pro se* petition for appeal, filed on March 25, 2021, as his *pro se* supplemental petition for appeal.

[2] The Commonwealth requested a jury trial.

further indicates that the trial court appointed appellant new counsel by order of August 19, 2019.

Additionally, the trial court granted new counsel's motion for a continuance of the trial. Appellant's

remaining *pro se* motions addressed trial matters, *i.e.*:

- an affirmative defense, see Riley v. Commonwealth, 277 Va. 467, 479 (2009)
  ("When asserting an affirmative defense, such as insanity, . . . the burden is on
  the defendant to present evidence establishing such defense to the satisfaction
  of the *fact finder*." (emphasis added));

- the admissibility of evidence, see Baldwin v. Commonwealth, 69 Va. App. 75,
  89 (2018) (noting prior convictions are "admissible and relevant during
  sentencing") and Epps v. Commonwealth, 59 Va. App. 71, 79 n.7 (2011)
  (noting that a "convicted felon or perjurer may be impeached with his prior
  conviction"); and,

- the sufficiency of the evidence, see Smith v. Commonwealth, 72 Va. App. 523,
  523 (2020) (noting that "[w]hether the required intent exists is generally a
  question of fact for the *trier of fact*") (emphasis added) (quoting Brown v.
  Commonwealth, 68 Va. App. 746, 787 (2018) (alteration in original)).

Thus, the trial court did not "ignore" appellant's *pro se* motions; they simply were not ripe for consideration

when appellant elected to withdraw his misdemeanor appeal.

　　III. Appellant, *pro se*, contends that the trial court erred and abused its discretion "by entering the

Final Conviction" and not considering his assertions of innocence. The question of appellant's factual

innocence was a question for the jury; however, appellant elected to forgo a jury trial when he exercised his

right under Code § 16.1-133 to withdraw his appeal. Having exercised that right, appellant will not now be

heard to complain that the trial court erred.[3]  "A party may not approbate and reprobate by taking successive

positions in the course of litigation that are either inconsistent with each other or mutually contradictory."

Cody v. Commonwealth, 68 Va. App. 638, 665 (2018) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171,

181 (2006)).  "Nor may a party invite error and then attempt to take advantage of the situation created by his

---

[3] Code § 16.1-133 does not vest the circuit court with the discretion to deny the withdrawal of an
appeal from the district court. Rather, upon notice of the withdrawal, "the circuit court shall *forthwith* enter
an order affirming the judgment of the lower court and the clerk shall tax the costs as provided by statute."
Id. (Emphasis added).

own wrong." Alford v. Commonwealth, 56 Va. App. 706, 709 (2010) (quoting Rowe v. Commonwealth, 277 Va. 495, 502 (2009)).

IV. Appellant, *pro se*, contends that the trial court erred and abused its discretion "by entering the Final Conviction" without conducting an evidentiary hearing into his allegations that he had not been "medically and psychologically cleared," in contradiction to a statement in the criminal complaint. As noted above, the opportunity to challenge the arresting officer's account was at a jury trial, where appellant could have confronted the officer and presented his mental health evidence.

V. Appellant, *pro se*, contends that the trial court erred and abused its discretion "by entering the Final Conviction" because the evidence presented to the district court was insufficient to prove the requisite intent to sustain the misdemeanor conviction. As noted above, "[w]hether the required intent exists is generally a question of fact for the *trier of fact*." Smith, 72 Va. App. at 523 (emphasis added) (quoting Brown, 68 Va. App. at 787 (alteration in original)).

VI. Appellant, *pro se*, contends that he was denied the effective assistance of counsel in the trial court. "Claims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." Lenz v. Commonwealth, 261 Va. 451, 460 (2001). See also 1990 Va. Acts, ch. 74 (repealing Code § 19.2-317.1).

Accordingly, we deny the petition for appeal and grant the motion for leave to withdraw. See Anders v. California, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Brian David Hill is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

The trial court shall allow John I. Jones, IV, Esquire, the fee set forth below and also counsel's necessary direct out-of-pocket expenses. The Commonwealth shall recover of the appellant the costs in this Court and in the trial court.

-5-

Costs due the Commonwealth by appellant in
Court of Appeals of Virginia:

        Attorney's fee      $300.00  plus costs and expenses

A Copy,

Teste:

A. John Vollino, Clerk

By:      *Kristen M. McKenzie*

Deputy Clerk

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Wednesday** *the* **28th** *day of* **October, 2020**.

Brian David Hill,                                                                                  Petitioner,

 against

Commonwealth of Virginia,                                                                Respondent.

From the Circuit Court of the City of Martinsville

Upon consideration of the motion of Brian David Hill, and receiving no objection thereto from the Commonwealth, leave is granted Brian David Hill to file a replacement notice of appeal from the judgment rendered against him by the Circuit Court of the City of Martinsville on November 25, 2019, upon a conviction of misdemeanor indecent exposure (Circuit Court No. CR19000009-00).

All computations of time as required by the Rules of Court and applicable statutes shall commence on the date of entry of this order or, if Hill is entitled to appointed counsel upon this appeal, from the date of entry of the trial court's order appointing counsel, whichever date shall be later.

This order shall be certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

820

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      )
                              )
        v.                    )        1:13CR435-1
                              )
BRIAN DAVID HILL              )

## JUDGMENT AND COMMITMENT
### Supervised Release Violation Hearing

On September 12, 2019, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Order filed July 24, 2015 and the Judgment filed November 12, 2014 in the above-entitled case, copies of which are attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by Renorda E. Pryor, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violation(s) as follow were willful and without lawful excuse.

Violation 1.   On September 21, 2018, the Defendant was arrested for the commission of a crime.

**IT IS ORDERED** that the Defendant's supervised release be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. §§ 3553(a) and 3583(e).

**IT IS ORDERED** that the Defendant be committed to the custody

of the Bureau of Prisons for imprisonment for a period of nine (9) months.

IT IS FURTHER ORDERED that supervised release of nine (9) years is re-imposed under the same terms and conditions as previously imposed.

The Defendant shall surrender to the United States Marshal for the Middle District of North Carolina or to the institution designated by the Bureau of Prisons by 12:00 p.m. on December 6, 2019.

United States District Judge

October 4, 2019.

**ORDER IN MISDEMEANOR OR TRAFFIC INFRACTION PROCEEDING**

Case No. CR19000009-00

COMPLETE DATA BELOW IF KNOWN

| | RACE | SEX | BORN MO. | DAY | YR. | HT. FT. | IN. | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|---|
| | W | M | 05 | 26 | 1990 | 6 | 00 | 150 | BL | BR |

MARTINSVILLE CIRCUIT COURT ... Circuit Court

MARTINSVILLE

SSN: ████-0319

v.

BRIAN DAVID HILL

310 FOREST ST, APT 1

SEPTEMBER 21, 2018 — OFFENSE DATE

NOVEMBER 15, 2019 — TRIAL DATE

MARTINSVILLE, VA. 24112

The Defendant was this day [ ] tried in absence [x] present

Attorney: CLARK, MATT          [x] Appointed  [ ] Retained

Original Charge: INDECENT EXPOSURE

Code Section: 18.2-387 ....................................... [ ] State Code [x] Local Ordinance

Virginia Crime Code: OBS-3713-O1 ........ Offense Tracking Number: 690GM1800003560

**Plea:**

[x] Not Guilty                    [ ] Consent by Defendant to Waiver of Jury
[ ] Guilty as Charged            [ ] Concurrence of Court and Commonwealth's Attorney
[ ] Guilty to Amended Charge     [ ] Plea voluntarily and intelligently entered after defendant was apprised of his right
[ ] Nolo Contendere                  against compulsory self-incrimination, right to confront the witnesses against him,
                                     and right to a jury trial.

Charge: INDECENT EXPOSURE

Code Cite: 18.2-387 ............................. Virginia Crime Code: OBS-3713-O1

**Finding:**

[ ] Not Guilty          [ ] Guilty of ........................................................
[ ] Guilty as Charged   [ ] Plea Agreement Accepted    [x] Appeal/Withdraw/Affirm    [ ] Appeal not timely filed
[ ] Facts sufficient to find guilt but defer adjudication/disposition to ..............................
                                                                            DATE AND TIME

Charge: INDECENT EXPOSURE

Code Cite: 18.2-387 ............................. Virginia Crime Code: OBS-3713-O1

**Order:**

[ ] Nolle Prosequi [ ] Dismissed [ ] Dismissed with Prejudice [ ] Continued to .................... [x] COSTS imposed
                                                                        DATE AND TIME

[ ] FINE [ ] CIVIL PENALTY of $ ..................... with $ .......................... suspended

[x] JAIL SENTENCE of 30 DAYS imposed, [ ] of which ....... days mandatory minimum, with ..................... suspended

for a period of ............................, conditioned upon being of good behavior, keeping the peace, obeying this order and
for paying fines and costs.

Credit is allowed pursuant to § 53.1-187 for time spent in confinement.

[ ] Serve jail sentence beginning ............................ [ ] on weekends only

[ ] Work release  [ ] authorized if eligible  [ ] required              [ ] Public work force    [ ] authorized
                   [ ] not authorized                                                             [ ] not authorized

[ ] on PROBATION for ................................... [ ] VASAP [ ] local community-based probation agency

[ ] DRIVER'S LICENSE suspended for ...............................................................

[ ] Restricted Driver's License per attached order    [ ] Ignition Interlock for ...............................

[ ] Attached ORDER FOR RESTITUTION incorporated.

[ ] COMMUNITY SERVICE .......... hours to be completed by ....................... and supervised by ...................
     [ ] to be credited against fines and costs

[ ] Contact prohibited between defendant and victim/victim's family or household members

[ ] Reimburse Commonwealth for investigatory medical fees    [ ] Pay $50 fee to the Court for Trauma Center Fund

[ ] Registration pursuant to Code § 9.1-903 for offenses defined in § 9.1-902 is required.

[ ] Remanded for [ ] CCRE Report [ ] ...............................................................

[ ] Bail on Appeal $ ..................................

[x] Other: DEF ~~CHANGED HIS PLEA TO GUILTY AND~~ AFFIRMED JUDG GDC, PAY COURT COSTS.

...........................................................................

11/18/19
DATE

JUDGE

454

FORM CC-1392 MASTER 07/19

Case No(s). CR19000009-00

**COMMONWEALTH OF VIRGINIA**
VA. CODE §§ 19.2-354; 19.2-358

In the Circuit Court for the [X] City [ ] County of MARTINSVILLE
[ ] COMMONWEALTH OF VIRGINIA
[X] CITY [ ] COUNTY OF MARTINSVILLE ............................ v.   BRIAN DAVID HILL
                                                                              DEFENDANT
................0319 ..........................   UNKNOWN
          SSN                    DRIVER'S LICENSE NUMBER                      DRIVER'S LICENSE STATE
                        310 FOREST ST, APT 1, MARTINSVILLE, VA 24112
                                        RESIDENCE ADDRESS

................................................................................
                        MAILING ADDRESS IF DIFFERENT FROM ABOVE

.......................................
          TELEPHONE NUMBER

**I. ACKNOWLEDGMENT OF SUSPENSION OR REVOCATION OF DRIVER'S LICENSE**
I acknowledge that I have been notified that my driver's license/driving privilege:

[ ] is suspended or revoked for a period of ............................ effective ...................................... as a result of
    [ ] my conviction by this Court.
    [ ] action taken by the Virginia Department of Motor Vehicles pursuant to Va. Code § 46.2-390.1 for the Court's conviction or
        finding of facts sufficient to convict me of violating the drug laws (Va. Code §§ 18.2-247 through 18.2-264) of this
        Commonwealth.
    [ ] Declaration by the Virginia Department of Motor Vehicles   [ ] Adjudication by ........................................ Court
        that I am a habitual offender.

I acknowledge that I owe fines, costs, forfeiture, restitution and/or penalty of $ 1,222.45 ............................ plus any
additional court-appointed attorney fee, if applicable.

I further certify that on this date this notice was read, understood by me, and I received a copy of the same, and that my driver's license

[ ] WAS [ ] WAS NOT  surrendered to this Court.  Reason not surrendered: .....................................................
November 15, 2019 ........................   (x) Brian D. Hill ..........................................
          DATE                                                              DEFENDANT

State/Commonwealth of [X] Virginia [ ] .........................
County/City of ........................   Martinsville
Acknowledged before me this day by .....   Brian David Hill
November 15, 2019                                    PRINT NAME OF SIGNATORY
..................................        Jennifer C Oplin
          DATE                        [ ] JUDGE [ ] CLERK  [ ] NOTARY PUBLIC
                                        Notary Registration No. ............   My commission expires: ........................

READ PART I ON THE BACK OF THIS FORM FOR MORE STIPULATIONS, WHICH ARE INCORPORATED BY REFERENCE
AND ARE MADE A PART OF THIS ACKNOWLEDGMENT.

**II. ORDER AND NOTICE OF DEFERRED PAYMENT OR INSTALLMENT PAYMENTS**
SEE PART II ON THE BACK OF THIS FORM FOR FURTHER STIPULATIONS, WARNINGS AND INFORMATION
CONCERNING THIS NOTICE AND ORDER, WHICH ARE HEREBY INCORPORATED BY REFERENCE.
Upon due consideration, the Defendant's Petition for deferred or installment payments is accordingly ACCEPTED, and the Defendant is
ORDERED to pay costs, fines, forfeiture, and penalty totaling $ 1,222.45 ............................, plus restitution
totaling $ ........................ plus any additional court-appointed attorney fee, court reporter fee, and interest, if applicable, by:
    [X] making ....4.... installment payments of $ .....300.00.... per 6MONTH beginning 05/15/2020 ........................ until paid in full; or
    [ ] making a deferred payment in full on or before .:
[ ] Restitution payments are to be paid in accordance with the court's ORDER FOR RESTITUTION previously entered.
If Deferred payment is not received by the above due date, or if the final Installment payment is not received by ........................, the
defendant is hereby given NOTICE to return to this Court on ........................ at ...............................
The total listed above does not include transcript costs and any costs/damages that may be charged if you appeal from this court.
NOTICE:  READ PART II ON THE BACK OF THIS FORM FOR MORE STIPULATIONS WHICH ARE INCORPORATED
          BY REFERENCE AND ARE MADE A PART OF THIS ORDER AND NOTICE.

Entered this ....15TH.... day of ......NOVEMBER........, 2019....
I have asked for and received a copy of this Order and Notice.   Ashley K. Pritchett
                                                                              [ ] JUDGE  [X] CLERK
(X) Brian D. Hill ..........................
          DEFENDANT

FORM CC-1379 FRONT 07/19

455

**PART I**

I understand that if I provide for payment of a fine or other monies due by a method other than cash and my payment fails, the Clerk will send me a written notice of my failure of payment. A penalty of $50.00 or 10 percent of the amount of the payment, whichever is greater, may be charged if the method of payment fails.

I further understand that, if I am convicted of driving while my driver's license is suspended or revoked, I may be fined, sentenced to jail, or both.

I understand that upon suspension or revocation of my license, I may not operate a motor vehicle in the Commonwealth of Virginia until:

(1) All periods of suspension imposed by any Court or the Department of Motor Vehicles have expired, AND

(2) The Department of Motor Vehicles reinstates my license (if suspended) or issues a new license (if revoked) after:

    (a) I have paid the reinstatement fee (if any) to the Department of Motor Vehicles, AND

    (b) I have met all other administrative requirements of the Department of Motor Vehicles.

**PART II**

I understand that if the Court has ordered deferred or installment payments, or community service to pay all or part of the fines and costs, I must make all required payments or perform all community service on time.

I understand that:

(1) as a condition of this agreement, I must promptly inform the Court of any change of my mailing address during the term of the agreement;

(2) if the fines, costs, forfeiture, restitution, and/or penalty are not paid in full by the date ordered, that the Court shall proceed according to the provisions of Va. Code § 19.2-358, which state that a show cause summons or capias for my arrest may be issued;

(3) the amount(s) listed in this agreement may be administratively amended by the Clerk of this Court in the event additional costs should be assessed and if additional costs are assessed, that the Clerk will forthwith issue a notice to me of the total amount due by first class mail to my address of record;

(4) the Court or Clerk thereof may adjust the final payment date administratively, without further notice, for installment payment agreements, if I fail to make a scheduled payment or for deferred payments, if I fail to pay in full by the date ordered, for the purposes of referring the account for action pursuant to Va. Code § 19.2-358.

I further understand that if the Court does not receive payments as ordered, my case will be referred for collection enforcement action under §§ 19.2-349, 19.2-353.5, 19.2-358, or 58.1-520 through 58.1-534 of the Code of Virginia. If my case is referred for collection enforcement action under § 19.2-349, the amount that I owe and that can be collected will be increased to reflect the additional costs associated with collection action. If any part of the amount due remains unpaid, pursuant to § 19.2-358, I may be subject to a jail sentence of up to 60 days or an additional fine of up to $500.00.

Pursuant to Va. Code § 19.2-353.5, if interest on outstanding fines and costs owed to this court accrued during a period when I was incarcerated, I may request that the interest that accrued when I was incarcerated be waived by this Court.

This Order and Notice is provided to the Defendant pursuant to Va. Code § 19.2-354. This Order shall not be spread on the Order Book of this Court.

**DISPOSITION NOTICE**
Commonwealth of Virginia

**DISPOSITION TO THE SHERIFF, JAIL OFFICER OR CORRECTIONAL OFFICER:** Confine the person named in this notice in your facility in accordance with the order(s) below. HOWEVER, if the defendant appeals ANY of the charges below, **DO NOT RELEASE** him or her until ALL conditions of bail are met.

MARTINSVILLE
........................................................
CITY OR COUNTY

[ ] General District Court  [ ] Traffic  [ ] Criminal  [ ] Civil Division
[ ] Juvenile and Domestic Relations District Court  [x] Circuit Court

05/26/1990
........................................................
DATE OF BIRTH

HILL, BRIAN DAVID
........................................................
NAME OF DEFENDANT (LAST, FIRST, MIDDLE) AND ALIAS, IF ANY

[x] Male [ ] Female [x] Adult [ ] Juvenile        [ ] DISPOSITION ADDENDUM listing additional cases is attached and incorporated.

1. Case No. CR19000009-00 .......... Offense Date 09/21/2018 ..... Original Charge INDECENT EXPOSURE
   [ ] Not guilty [ ] Nolle prosequi [ ] Dismissed
   [x] Convicted of INDECENT EXPOSURE ........................................................ [ ] Felony [x] Misdemeanor
      [ ] State Code § ........................................ [x] Local Ordinance 18.2-387 ............................
      VCC OBS-3713-O1 ........................................ OTN 690GM1800003560 ............................
   [ ] **Appeal noted** [ ] Certified to Grand Jury ........................... FINE/COST ............. [ ] ............. OTHER ............. suspended.
      imposed with ........................................
   [x] Jail sentence of 30 DAYS ........................................
   [x] .............. mos. ...30... days ............. hours to be served in jail [ ] of which .............. days mandatory
      minimum confinement.
   [ ] Committed to the Department of Corrections for ........................................
   [ ] Committed to the Department of Juvenile Justice for ........................................
   [ ] Extradition waived, and Form DC-375 WAIVER OF EXTRADITION attached. If not delivered to Demanding State, return to
      court on ........................., at ..............., . [ ] ........................................
   Credit is allowed pursuant to § 53.1-187 for time spent in confinement.

2. Case No. ........................... Offense Date ..................... Original Charge ...........................
   [ ] Not guilty [ ] Nolle prosequi [ ] Dismissed
   [ ] Convicted of ........................................ [ ] Felony [ ] Misdemeanor
      [ ] State Code § ........................................ [ ] Local Ordinance ............................
      VCC ........................................ OTN ............................
   [ ] **Appeal noted** [ ] Certified to Grand Jury ........................... FINE/COST ............. [ ] ............. OTHER ............. suspended.
      imposed with ........................................
   [ ] Jail sentence of ........................................
   [ ] .............. mos. ............ days ............. hours to be served in jail [ ] of which .............. days mandatory
      minimum confinement.
   [ ] Committed to the Department of Corrections for ........................................
   [ ] Committed to the Department of Juvenile Justice for ........................................
   [ ] Extradition waived, and Form DC-375 WAIVER OF EXTRADITION attached. If not delivered to Demanding State, return to
      court on ........................., at ..............., . [ ] ........................................
   Credit is allowed pursuant to § 53.1-187 for time spent in confinement.

[ ] Civil Contempt [ ] To be served in jail [ ] Released upon payment of $ ..................... support arrearages
   to: ........................................
                       PAYEE
[ ] Restitution ordered: $ ........................................
[ ] Other ........................................

**SPECIAL CONDITIONS:** [ ] Weekend [ ] Delayed confinement to begin on ..................... at ...........
                                             DATE                    TIME
[ ] Work release [ ] Work release (if eligible) [ ] Home-electronic incarceration [ ] Drug testing ordered
[ ] Public Workforce Authorized

**BAIL AMOUNT:** $ ........................................ [ ] If transferred or certified to Circuit Court [ ] If appealed
[ ] Secured [ ] Unsecured [ ] Recognizance [ ] Held without bail [ ] No change in existing bail amount
[ ] No change in existing bail conditions **Circuit Court date and time:** ........................................
**ADDITIONAL BAIL CONDITIONS:** Accused [ ] may [ ] may not depart the Commonwealth of Virginia.
[ ] Future Support Bond $ ........................ [ ] Support Arrearage Bond $ ........................ ordered and must be posted
with the Clerk within thirty (30) days of civil contempt finding/criminal contempt conviction. (Form DC-460)

*October 15, 2019*
........................................................
DATE

(PAGE 1 OF 1)       [ ] CLERK       [ ] JUDGE

FORM DC-356 REVISED 10/17

457

**DISPOSITION NOTICE**
Commonwealth of Virginia

**DISPOSITION TO THE SHERIFF, JAIL OFFICER OR CORRECTIONAL OFFICER:**
Confine the person named in this notice in your facility in accordance with the order(s) below.
**HOWEVER**, if the defendant appeals ANY of the charges below, **DO NOT RELEASE** him or her until ALL conditions of bail are met.

MARTINSVILLE GEN DIST - CRIMINAL
CITY OR COUNTY

[X] General District Court [ ] Traffic [X] Criminal [ ] Civil Division
[ ] Juvenile and Domestic Relations District Court [ ] Circuit Court

HILL, BRIAN DAVID                                                    5/26/1990
NAME OF DEFENDANT (LAST, FIRST, MIDDLE) AND ALIAS, IF ANY                DATE OF BIRTH

[X] Male [ ] Female [X] Adult [ ] Juvenile      [ ] DISPOSITION ADDENDUM listing additional cases is attached and incorporated.

1. Case No. ...GC18003138-00... Offense Date ...9/21/2018... Original Charge ...INDECENT EXPOSURE
   [ ] Not guilty [ ] Nolle prosequi [ ] Dismissed
   [X] Convicted of ...INDECENT EXPOSURE... [ ] Felony [X] Misdemeanor
      [ ] State Code § ........................ [X] Local Ordinance ...18.2-387
      VCC ...OBS-3713-01... OTN ...690GM1800003560
   [X] Appeal noted. [ ] Certified to Grand Jury ...$299.00... [ ] ........................
                                              FINE/COST                        OTHER
   [X] Jail sentence of ...030 D... imposed with ........................ suspended.
   [ ] ........ mos. ........ days ........ hours to be served in jail [ ] of which ........ days mandatory
       minimum confinement.
   [ ] Committed to the Department of Corrections for ........................
   [ ] Committed to the Department of Juvenile Justice for ........................
   [ ] Extradition waived, and Form DC-375 WAIVER OF EXTRADITION attached. If not delivered to Demanding State,
       return to court on ........................, at ........................ . [ ] ........................
   Credit is allowed pursuant to § 53.1-187 for time spent in confinement.

2. Case No. ........................ Offense Date ........................ Original Charge ........................
   [ ] Not guilty [ ] Nolle prosequi [ ] Dismissed
   [ ] Convicted of ........................ [ ] Felony [ ] Misdemeanor
      [ ] State Code § ........................ [ ] Local Ordinance ........................
      VCC ........................ OTN ........................
   [ ] Appeal noted [ ] Certified to Grand Jury ........................ [ ] ........................
                                              FINE/COST                        OTHER
   [ ] Jail sentence of ........................ imposed with ........................ suspended.
   [ ] ........ mos. ........ days ........ hours to be served in jail [ ] of which ........ days mandatory
       minimum confinement.
   [ ] Committed to the Department of Corrections for ........................
   [ ] Committed to the Department of Juvenile Justice for ........................
   [ ] Extradition waived, and Form DC-375 WAIVER OF EXTRADITION attached. If not delivered to Demanding State, return to
       court on ........................, at ........................ . [ ] ........................
   Credit is allowed pursuant to § 53.1-187 for time spent in confinement.

[ ] Civil Contempt [ ] To be served in jail [ ] Released upon payment of $ ........................ support arrearages
   to: ........................
                                PAYEE
[ ] Restitution ordered: $ ........................
[ ] Other ........................

**SPECIAL CONDITIONS:** [ ] Weekend [ ] Delayed confinement to begin on ........................ at ........................
                                                                      DATE                    TIME
[ ] Work release [ ] Work release (if eligible) [ ] Home-electronic incarceration [ ] Drug testing ordered
[ ] Public Workforce Authorized

**BAIL AMOUNT:** $ ........................ [ ] If transferred or certified to Circuit Court [X] If appealed
[ ] Secured [ ] Unsecured [ ] Recognizance [ ] Held without bail [X] No change in existing bail amount
[X] No change in existing bail conditions  Circuit Court date and time: ...1/28/2019... 9:00 am .
**ADDITIONAL BAIL CONDITIONS:** Accused [ ] may [ ] may not depart the Commonwealth of Virginia.

[ ] Future Support Bond $ ........................ [ ] Support Arrearage Bond $ ........................ ordered and must be posted
   with the Clerk within thirty (30) days of civil contempt finding/criminal contempt conviction. (Form DC-460)

12/26/2018
DATE

[X] CLERK    [ ] JUDGE

FORM DC-356 REVISED 10/17            (PAGE ____ OF ____)

# WARRANT OF ARREST—MISDEMEANOR (LOCAL)

COMMONWEALTH OF VIRGINIA  Va. Code § 19.2-71, -72

Martinsville
CITY OR COUNTY

[x] General District Court  [x] Criminal  [ ] Traffic
[ ] Juvenile and Domestic Relations District Court

Martinsville

[x] City  [ ] County  [ ] Town

TO ANY AUTHORIZED OFFICER:

You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and bring the Accused before this Court to answer the charge that the Accused, within this city or county, on or about **09/21/2018** _____ did unlawfully in violation of Section

DATE

**13-17/18.2-387** _____, Code or Ordinances of this city, county or town: intentionally make an obscene display of the accused's person or private parts in a public place or in a place where others were present.

I, the undersigned, have found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of

**SGT.  R.D. JONES   MPD** _____, Complainant.

Execution by summons [ ] permitted at officer's discretion. [x] not permitted.

**09/21/2018 05:35 AM** _____
DATE AND TIME ISSUED

*Courtney D. Reid*
[ ] CLERK  [x] MAGISTRATE  [ ] JUDGE
Courtney D. Reid

*Case Appealed please Remove*

VIRGINIA
~~City~~ of Martinsville Circuit Court
Clerk's Office.
Received and Filed this the
9th Day of January 2019
at 12:21 P. M.
Teste: _____ C.

*DNA SAMPLE (on file)*

FORM DC-315 (MASTER, PAGE ONE OF TWO) 07/11

---

CASE NO.  C18-3158

ACCUSED:
Hill, Brian David
LAST NAME, FIRST NAME, MIDDLE NAME
310 Forest St Apt 2
ADDRESS/LOCATION
Martinsville, VA 24112

To be completed upon service as Summons
Mailing address [ ] Same as above
[ ]

| RACE | SEX | BORN | HT. | WGT. | EYES | HAIR |
|------|-----|------|-----|------|------|------|
| | | MO. DAY YR. | FT. IN. | | | |
| W | M | 05/26/1990 | 6' 00" | 150 | BLU | BRO |

SSN ████████-0319

DL# _____  STATE _____

[ ] Commercial Driver's License

CLASS **1  MISDEMEANOR**

[ ] EXECUTED by arresting the Accused named above on this day:
[ ] EXECUTED by summoning the Accused named above on this day:
[ ] For legal entities other than individuals, service pursuant to Va. Code § 19.2-76.

9/21/18      0538
DATE AND TIME OF SERVICE

R Jones , ARRESTING OFFICER

22      MPD   113
BADGE NO., AGENCY AND JURISDICTION

for _____
SHERIFF

Attorney for the Accused:
_____

Short Offense Description (not a legal definition):
**INDECENT EXPOSURE**

Offense Tracking Number:
**690GM1800003560**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:
**OBS-3713-O1**

**L**

9-21-18
4:00 P

Hearing Date/Time
10-05-18  (BH)
3:00 Pm
12-21-18
Forest

**LOCAL**

The Accused was this day:
[ ] tried in absence     [✓] present

[✓] PROSECUTING ATTORNEY PRESENT (NAME)

[✓] DEFENDANT'S ATTORNEY PRESENT (NAME)
[ ] NO ATTORNEY  [ ] ATTORNEY WAIVED
   [ ] If convicted, no jail sentence will be imposed
[ ] INTERPRETER PRESENT
[ ] Certified pursuant to § 19.2-190.1.
Plea of Accused:
   [ ] not guilty      [ ] Witnesses sworn
   [ ] nolo contendere
   [ ] guilty   [ ] Plea voluntarily and intelligently
      entered after the defendant was apprised of his
      right against compulsory self-incrimination and his
      right to confront the witnesses against him.
[ ] Plea and Recommendation
And was TRIED and FOUND by me:
   [ ] not guilty [✓] guilty as charged
   [ ] guilty of ............................................................
      VCC ..................................................................
   [ ] facts sufficient to find guilt but defer
      adjudication/disposition to .................................
                                              DATE AND TIME
      and place accused on probation, §§ 4.1-305, 18.2-
      57.3, 18.2-251 or 19.2-303.2.
      [ ] A separate order for First Offender is
         attached and incorporated in this order.
   [ ] Costs imposed upon defendant.

_____   _____
DATE                       JUDGE

And was FOUND by me to be:
   [ ] driving a commercial motor vehicle
   [ ] carrying hazardous materials
[ ] I ORDER a nolle prosequi on prosecution's motion
[ ] I ORDER the charge dismissed [ ] with prejudice
   [ ] conditioned upon payment of costs and
      [ ] successful completion of
         [ ] traffic school
         [ ] mature driver school, § 16.1-69.48:1.
      [ ] accord and satisfaction, § 19.2-151.
      [ ] under §§ 4.1-305, 18.2-57.3, 18.2-251 or
         19.2-303.2.

FORM DC-315 (MASTER, PAGE TWO OF TWO) 10/17

[ ] Guilty – upon a violation of a term or condition of a
   deferred adjudication/disposition.
I impose the following Disposition:
[ ] FINE [ ] CIVIL PENALTY of $ ..................................
   with $ .................................... suspended
[✓] JAIL SENTENCE of ..... 30 days
   imposed, [ ] of which ........................ days
   mandatory minimum, with ................... suspended
for a period of ......................................, conditioned
upon being of good behavior, keeping the peace, obeying this
order and paying fines and costs.  Credit is allowed pursuant to
§ 53.1-187 for time spent in confinement.
[ ] Serve jail sentence beginning ...................................
      [ ] on weekends only
[ ] Work release [ ] authorized if eligible  [ ] required
                  [ ] not authorized
[ ] Public work force [ ] authorized [ ] not authorized
[ ] on PROBATION for ...................................................
      [ ] VASAP [ ] local community-based probation agency
      [ ] Monitoring by GPS/other tracking device
[ ] DRIVER'S LICENSE suspended for ...........................
[ ] Restricted Driver's License per attached order
      [ ] Ignition Interlock for ......................................
[ ] RESTITUTION order incorporated
      [ ] Restitution payment is a condition of suspended
         sentence
[ ] COMMUNITY SERVICE ................... hours to be
   completed by .......................................................
   and supervised by ..................................................
      [ ] to be credited against fines and costs
[ ] Contact prohibited between defendant and victim/ victim's
   family or household members
[ ] Other: ..............................................................

[ ] Reimburse Commonwealth for investigatory medical fees
[ ] Pay $50 to the Court for Trauma Center Fund
[ ] Bail on Appeal $ ..................................................
[ ] Remanded for [ ] CCRE Report [ ] ......................

DRIVER'S LICENSE/PRIVILEGE TO DRIVE IN VIRGINIA
SUSPENDED EFFECTIVE IN 30 DAYS IF FINES, COSTS,
FORFEITURES, PENALTIES OR RESTITUTION ARE NOT
PAID. Va. Code § 46.2-395.

12-21-2015
DATE                       JUDGE

Offense Tracking Number: 690GM1800003560

**FINE**
............................   $ ...................
       LOCALITY

**COSTS**
223  LIQUIDATED DAMAGES   ...................
461  FIXED MISD FEE        61 - 00
462  FIXED DRUG MISD FEE   ...................
001  INT CRIM CHILD FEE    15 - 00
113  WITNESS FEE           ...................
113  IGNITION INTERLOCK    ...................
113  DUI FEE               ...................
113  DNA                   38 - 00
233
121  TRIAL IN ABSENCE FEE  15 - 00
133  BLOOD TEST FEE        ...................
137  TIME TO PAY           10 - 00
192  TRAUMA CENTER FEE     ...................
202  WITNESS FEE           ...................
217  CT. APPT. ATTY        120 - 00
228  COURTHOUSE
     CONSTRUCTION FEE      ...................
234  JAIL ADMISSION FEE    25 - 00
243  LOCAL TRAINING
     ACADEMY FEE           ...................
244  COURTHOUSE
     SECURITY FEE          10 - 00
OTHER (SPECIFY):
     241                   5 , 00

**TOTAL**                  $ 299 - 00
[ ] Stay of the proceedings pursuant to § 16.1-131.1

_____   _____
DATE                       JUDGE

**CRIMINAL COMPLAINT**
Commonwealth of Virginia

RULES 3A:3 AND 7C:3

Martinsville
[X] General District Court
[ ] Juvenile and Domestic Relations District Court

CITY OR COUNTY

Under penalty of perjury, I, the undersigned Complainant swear or affirm that I have reason to believe that the Accused committed a criminal offense, on or about

09/21/2018 ......................................... in the [X] City [ ] County [ ] Town

DATE OFFENSE OCCURRED

of   Martinsville

I base my belief on the following facts: (Print ALL information clearly.)

On the above date I responded to the area of Pine St. at the steps for the Dick and Willie Trail due to a naked white male that

had been seen running on Hooker St from Church St. Officers were in the area of Hooker St and had not located the male. I

walked down the steps to the trail where i herd foot steps coming towards me. I could see a person walking on the trail and

they stopped. I signed my light on the male and he turned and ran. He was naked except for his shoes and socks. The male had

items in his hand when he ran. I chased the suspect off the left side of the trail down a bank and into the creek. I was yelling

stop and show me your hands during the chase. When the male was detained he was read Miranda and started talking about a

black male in a hoodie made him get naked and take pictures of himself. He was transported to the hospital due to knee pain.

While at the Hospital he  stated that he was alone when he took the photos of himself and he gave Ofc. Warnick premising to

view his camera. On the Camera was several photo of himself naked around the city. He was medically and psychologically

cleared. He was arrested for indecent Exposure. Mr. Hill's clothing was located in his bag. All took place in the city.

The statements above are true and accurate to the best of my knowledge and belief.

In making this complaint, I have read and fully understand the following:
By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
The charge in this warrant cannot be dismissed except by the court, even at my request.

Sgt. R. Jones #220

NAME OF COMPLAINANT (LAST, FIRST, MIDDLE)
(PRINT CLEARLY)

_____
SIGNATURE OF COMPLAINANT

Subscribed and sworn to before me this day.

09/21/2018 05:35 AM
DATE AND TIME

_____
[ ] CLERK [ ] MAGISTRATE [ ] JUDGE

x

FORM DC-311 REVISED 07/11

Courtney D. Reid

---

**CRIMINAL COMPLAINT**

ACCUSED: Name, Description, Address/Location

Hill, Brian David

LAST NAME, FIRST NAME, MIDDLE NAME

310 Forest St Apt 2

Martinsville, VA 24112

COMPLETE DATA BELOW IF KNOWN

| RACE | SEX | BORN | | | HT. | | WGT. | EYES | HAIR |
|------|-----|------|------|------|------|------|------|------|------|
| | | Mo. | DAY | YR. | FT. | IN | | | |
| W | M | 05 | 26 | 90 | 6 | 0 | 150 | BLU | BRN |
| SSN | | | | | | | | | |
| | | -0319 | | | | | | | |

[ ] Complainant is not a law-enforcement officer or animal control officer. Authorization prior to issuance of felony arrest warrant given by
   [ ] Commonwealth's attorney
   [ ] Law-enforcement agency having
        jurisdiction over alleged offense

NAME OF PERSON AUTHORIZING ISSUANCE OF WARRANT

DATE AND TIME AUTHORIZATION GIVEN

13-17 Indecent Exposure

3