# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRIAN DAVID HILL,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:22CV00336 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **COMMONWEALTH OF VIRGINIA,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Brian David Hill, Pro Se Petitioner.*

Petitioner Brian David Hill, a Virginia inmate proceeding pro se, has filed a Petition and an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging violations of his constitutional rights in his state conviction of a misdemeanor in Martinsville, Virginia. The petitions must be dismissed for lack of subject-matter jurisdiction because Hill is not in custody pursuant to a judgment of a state court.

The relevant facts are as set forth in the petitions and their exhibits.

Hill was arrested on September 21, 2018, and charged with the misdemeanor of indecent exposure, in violation of Va. Code Ann. § 18.2-387. He was released on bond on October 5, 2018. On December 21, 2018, he entered a plea of not guilty, but the General District Court found him guilty and sentenced him to time served, with no probation to follow. Hill appealed to the Circuit Court. The matter was set

to be tried before a jury on December 2, 2019, but Hill filed a motion to withdraw his appeal on November 12, 2019, which the court granted by order entered November 15, 2019.

Hill then appealed to the Court of Appeals of Virginia, which denied his appeal on September 2, 2021. Although he filed a notice of appeal, Hill failed to file a timely petition in the Supreme Court of Virginia, and that appeal was never perfected. Hill then filed a Petition for Actual Innocence with the Court of Appeals of Virginia, which was dismissed on March 1, 2022, for lack of jurisdiction because the actual innocence statute applies only to felony convictions. He then filed the current § 2254 petition.

At the time of Hill's misdemeanor conviction, he was on federal supervised release from a 2014 conviction in the United States District Court for the Middle District of North Carolina for possession of child pornography. Because of his state conviction in Virginia, the federal court revoked his supervised release on September 12, 2019, and sentenced him to nine months' imprisonment, followed by nine years of supervised release.

A federal court may grant a petitioner habeas relief if he is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Hill alleges that this court has jurisdiction to hear his challenges to his state

misdemeanor conviction because his extended term of federal supervised release is a direct consequence of his state conviction. Hill's argument lacks merit.

The Supreme Court has held that collateral consequences of a conviction are not alone sufficient to constitute custody for purposes of habeas corpus when the sentence imposed has completely expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The Court further explained that a petitioner does not remain in custody under an order after the sentence has fully expired because of the possibility that the state conviction will be used to enhance the sentences imposed for subsequent crimes committed elsewhere. *Id.* The Court recently applied *Maleng* to uphold the dismissal of a habeas petition challenging state court convictions for sexual abuse. *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021). The petitioner in *Wright* moved to a new state and failed to register as a sex offender, for which he was prosecuted federally. The Court held that the fact that Wright's state conviction served as a predicate for his federal conviction did not render him "in custody pursuant to the judgment of a state court' under § 2254(a)." *Id.* Likewise, that Hill's Virginia arrest and conviction served as the predicate for supervised release violation in a different jurisdiction does not render him in Virginia custody. His Virginia custody ended on the date he received a sentence of time served.

For the reasons stated, I will dismiss the Petition and Amended Petition.

I decline to issue a certificate of appealability because Hill has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

A separate Final Order will be entered herewith.

DATED: August 1, 2022

/s/ JAMES P. JONES
Senior United States District Judge